**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARLES CORBISHLEY,<br><br>            Plaintiff,<br><br>    v.<br><br>ANDREW NAPOLITANO,<br><br>            Defendant. | CASE NO.: 1:20-CV-07445<br><br>_Civil Action_ |

---

## MEMORANDUM OF LAW IN SUPPORT OF
## ANDREW P. NAPOLITANO'S MOTION TO TRANSFER VENUE

---

**COLE SCHOTZ P.C.**
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
(212) 752-8000


**CLARE LOCKE LLP**
10 Prince Street
Alexandria, Virginia 22314
202-628-7400


_Attorneys for Defendant Andrew Napolitano_

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT .......................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 3

ARGUMENT ........................................................................................................................ 4

      I.     THE COURT SHOULD TRANSFER THIS ACTION BECAUSE
           FORMER JUDGE NAPOLITANO IS DOMICILED IN NEW JERSEY,
           NOT NEW YORK. .............................................................................................. 4

      II.    THE WITHIN MATTER CAN BE CONSOLIDATED WITH THE NEW
           JERSEY ACTION ............................................................................................... 6

CONCLUSION ..................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Everest Capital Ltd. V. Everest Funds Mgmt., L.L.C.,*
   178 F. Supp. 2d 459 (S.D.N.Y. 2002)........................................................................ 5

*Gulf Ins. Co. v. Glasbrenner,*
   417 F.3d 353 (2d Cir. 2005)..................................................................................... 4

*Lindaros v. Fortuna,*
   157 F.3d 945 (2d Cir. 1998)..................................................................................... 4

*Palazzo ex rel. Delmage v. Corio,*
   232 F.2d 38 (2d Cir. 2000)....................................................................................... 4

*Reich v. Lopez,*
   858 F.3d 55 (2d Cir. 2017)....................................................................................... 4

*Schnabel v. Ramsey Quantitative Systems, Inc.,*
   322 F. Supp. 2d 505 (S.D.N.Y. 2004)...................................................................... 6

*United States v. Venturella,*
   391 F.3d 120 (2d Cir. 2004)..................................................................................... 4

*Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.,*
   224 F.3d 139 (2d Cir. 2000)..................................................................................... 4

**Statutes**

28 U.S.C. § 1391(b)(1) ................................................................................................. 4

28 U.S.C. § 1391(c)(1)................................................................................................. 4

28 U.S.C. § 1406(a) ................................................................................................. 4, 5

**Rules**

Fed. R. Civ. P. 12(b)(3)................................................................................................ 4

Fed. R. Civ. P. 42(a) .................................................................................................... 6

## PRELIMINARY STATEMENT

Andrew P. Napolitano ("Former Judge Napolitano") respectfully asks this Court to transfer Plaintiff's complaint[1] to the District of New Jersey, where he is domiciled.  This lawsuit is just the latest tactic in an ongoing unlawful scheme to extort Former Judge Napolitano.  Make no mistake, Plaintiff's allegations were invented out of whole cloth and they have no basis in fact.  Former Judge Napolitano expressly denies—in the strongest possible terms—each and every one of the disgusting allegations in Plaintiff's complaint.  And Former Judge Napolitano welcomes the opportunity to expose Plaintiff's misrepresentations and prevarications before a jury.

For the purposes of this motion, one such false and baseless allegation is that venue is proper in the Southern District of New York because Former Judge Napolitano "resides in the County, City and State of New York."  (Compl. ¶ 4, ECF No. 1).  In fact, that is the only allegation with any nexus to New York, as the remainder of the fabricated allegations all involve events purportedly taking place in the State of New Jersey.

Nevertheless, the allegation Former Judge Napolitano resides in New York is, like all the others in the complaint, demonstrably false.  Former Judge Napolitano resides—and at all relevant times has resided—in Sussex County, New Jersey.  He has resided in Sussex County, New Jersey *for more than nineteen (19) years*.  Former Judge Napolitano votes in New Jersey.  He has a New Jersey driver's license and his motor vehicles are all registered in New Jersey.  These are all matters of public record known and available to Plaintiff and his counsel since before December of 2019, when they first launched their extortionate campaign by sending Former Judge Napolitano an extortionate demand letter *to his Sussex County address*.  The purpose of that letter was to obtain a substantial monetary payout from Former Judge Napolitano.  The extortionate letter also

---

[1] Former Judge Napolitano expressly preserves all objections to Plaintiff's baseless complaint.

included a proposed Verified Complaint, which Plaintiff made clear that he intended to file *in New Jersey* unless Former Judge Napolitano capitulated to his extortionate demands.  In an effort to vindicate his rights in light of Plaintiff's extortionate acts, Former Judge Napolitano filed a Complaint in the United States District Court for the District of New Jersey (the "New Jersey Action"), which Former Judge Napolitano respectfully submits is the correct venue.  The New Jersey Action is captioned *Napolitano v. Corbishley*, case no.: 2:20-cv-12712.

There is simply no basis to even assert that this diversity action properly lies in this District.  None of the fabricated events are purported to have occurred in this District.  Thus, venue can only properly lie in the District of New Jersey, where Former Judge Napolitano is domiciled.  Accordingly, the Court should transfer the within action to the District of New Jersey, where it can be consolidated with the New Jersey Action.

## <u>STATEMENT OF FACTS</u>

The accusations in the complaint against Former Judge Napolitano are pure fiction that are beneath the dignity of this Court and do not warrant repeating here.  Although it is true that Plaintiff appeared in Former Judge Napolitano's courtroom more than thirty years ago, the only other true allegation in the complaint is, upon information and belief, that Plaintiff resides in South Carolina. (Compl. ¶ 2.)  There is no factual support for any of the other allegations in the complaint, including that Former Judge Napolitano is domiciled in the City, County and State of New York. (Napolitano Decl. ¶¶ 2-4.)

Former Judge Napolitano is, and at all relevant times has been, a resident of the State of New Jersey.  (*Id.* at ¶ 3.)  In fact, other than a brief period between 1996 and 2001, Former Judge Napolitano has been a New Jersey resident for his entire life.  (*Id.* at ¶¶ 3-4.)  Former Judge Napolitano is registered to vote in New Jersey, pays taxes as a New Jersey resident, has a New Jersey driver's license, has his motor vehicles registered in New Jersey, owns and operates a New Jersey corporation that operates a farm in New Jersey, and pays employees and bills from New Jersey.  (*Id.* at ¶¶ 9-10.)  Plaintiff has, since at least December 2019, known that Former Judge Napolitano is a citizen of New Jersey, because that is when Plaintiff's attorneys sent a copy of a similar, albeit materially different, Verified Complaint (styled as a New Jersey Superior Court action) to Former Judge Napolitano's Sussex County, New Jersey home.  (Napolitano Decl., Ex. A.; ¶ 6.)  Neither Plaintiff, nor Plaintiff's counsel contacted Former Judge Napolitano at his New York apartment.  (*Id.* at ¶ 7.)  Despite this knowledge, Plaintiff elected to file the within matter in the Southern District of New York—a jurisdiction that has absolutely no relation to this matter.

On September 15, 2020, Former Judge Napolitano filed the New Jersey Action.

## <u>ARGUMENT</u>

**I.    THE COURT SHOULD TRANSFER THIS ACTION BECAUSE FORMER JUDGE NAPOLITANO IS DOMICILED IN NEW JERSEY, NOT NEW YORK.**

If an action is filed in the wrong district, the court shall transfer it "to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); *see* Fed. R. Civ. P. 12(b)(3).  Plaintiff bears the burden to establish that venue is correct.  *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005).  Plaintiff cannot carry this burden under any relevant standard.

Here, Plaintiff attempts to satisfy the venue requirement by alleging, in conclusory fashion, that venue in this District is proper under 28 U.S.C. § 1391(b)(1), because Former Judge Napolitano "resides in the County, City and State of New York."  (Compl. ¶ 4.)  Plaintiff is simply incorrect.  Venue under that code section is appropriate only if the "defendant *resides in* the district."  28 U.S.C. § 1391(b)(1) (emphasis added).   Under black-letter law, a defendant is "deemed to reside in the judicial district *in which that person is domiciled*."  28 U.S.C. § 1391(c)(1) (emphasis added).  An individual's domicile "is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'"  *Palazzo ex rel. Delmage v. Corio*, 232 F.2d 38, 42 (2d Cir. 2000) (quoting *Lindaros v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)).  *See also Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000) (noting that "establishing one's domicile in a state generally requires both physical presence there and intent to stay.").  Furthermore, "[o]wning property in a forum does not alone establish domicile."  *Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir. 2017); *see also United States v. Venturella*, 391 F.3d 120, 125 (2d Cir. 2004) ("One may have more than one residence in different parts of this country or the world, but a person may have only one domicile.").

4

There are no facts supporting Plaintiff's accusation that Former Judge Napolitano is domiciled in New York; indeed, all of the relevant facts demonstrate that he is domiciled in New Jersey.  He lives in Sussex County, New Jersey, and he has been a New Jersey resident for his entire life—except for a brief period between 1996 and May 2001.  (Napolitano Decl., ¶¶ 3-4; 9-11.)  And even though Former Judge Napolitano does own an apartment in New York, he does not reside there and spends "far fewer than 180 days of the year" at the apartment.  (*Id.* at ¶ 8.)  Plaintiff knows that Former Judge Napolitano is domiciled in New Jersey, as his attorneys previously sent an extortionate demand letter and draft Verified Complaint[2] to his New Jersey home. (*Id.* at ¶ 6.)  Moreover, neither Plaintiff, nor his attorneys, ever contacted Former Judge Napolitano in New York.  (*Id.* at ¶ 7.)  Considering Former Judge Napolitano is not a resident of the State of New York, and the State of New York has no nexus to the claims alleged, given the fabricated claims of assault and the events surrounding them all purportedly occurred in Bergen County, New Jersey, Plaintiff's attempt to venue this action in the Southern District of New York is little more than forum shopping at its most basic level.  *Everest Capital Ltd. V. Everest Funds Mgmt., L.L.C.*, 178 F. Supp. 2d 459, 470 (S.D.N.Y. 2002) ("Forum shopping occurs when a litigant selects a forum with only a slight connection to the factual circumstances of his action, or where forum alone motivated the choice.")

Accordingly, because venue is not proper in this District, the Court must transfer the Complaint to the District of New Jersey in accordance with 28 U.S.C. § 1406(a).

---

[2] The draft Verified Complaint was prepared for filing in Bergen County Superior Court in the State of New Jersey.  *Id.*

## II.     THE WITHIN MATTER CAN BE CONSOLIDATED WITH
##          THE NEW JERSEY ACTION

Former Judge Napolitano vehemently denies the spurious allegations in the Complaint. The claims therein are nothing short of a complete fabrication and Plaintiff and his counsel were well aware that the Complaint is false when the action was filed.  In an effort to vindicate his rights and to seek redress for Plaintiff and his counsel's false and defamatory statements, on September 15, 2020, Former Judge Napolitano filed the New Jersey Action.  As the within case and the New Jersey Action "involve a common question of law or fact" the matters are ripe for consolidation. Fed. R. Civ. P. 42(a).

It does not matter that the within action was, technically, the "first-filed action."  As set forth above, venue *cannot* lie in the Southern District of New York and the only proper venue is the District of New Jersey.  It is well settled that forum shopping is an exception to the "first-filed doctrine."  *Schnabel v. Ramsey Quantitative Systems, Inc.*, 322 F. Supp. 2d 505, 511 (S.D.N.Y. 2004).  Irrespective, the matters can be effectively consolidated in the proper venue, the District of New Jersey.

## <u>CONCLUSION</u>

For the foregoing reasons, there is no serious doubt that venue for this action does not properly lie in the Southern District of New York.  Thus, Former Judge Napolitano respectfully requests that the Court grant his motion and transfer this matter to the District of New Jersey.

Respectfully submitted,

COLE SCHOTZ P.C.
Attorneys for Defendant, Andrew
Napolitano


By:___*/s Michael D. Sirota*_____
       Michael D. Sirota
       Cameron A. Welch


DATED:  September 15, 2020