**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARLES CORBISHLEY, | CASE NO.: 1:20-CV-07445 |
| Plaintiff, | |
| v. | Civil Action |
| ANDREW NAPOLITANO, | **DECLARATION OF MICHAEL D. SIROTA, ESQ. IN SUPPORT OF MOTION FILED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3)** |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I, MICHAEL D. SIROTA, ESQ., declare and say as follows:

1.      I am an attorney-at-law of the State of New York and a member of Cole Schotz P.C. I submit this Declaration in support of the within Motion to Transfer this action from this district to the United States District Court for the District of New Jersey, Newark Vicinage.

2.      Attached hereto as **Exhibit 1** is a true and original copy of the Complaint in *Napolitano v. Corbishley*, Case Number: 2:20-cv-12712, filed in the United States District Court for the District of New Jersey on September 15, 2020.

I hereby declare under penalty of perjury that the foregoing statements made by me are true and correct to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


_____*/s Michael D. Sirota*_____
MICHAEL D. SIROTA

DATED: September 15, 2020

# EXHIBIT 1

Michael D. Sirota – NJ Attorney ID #  014321986
Cameron A. Welch – NJ Attorney ID # 031262005
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey  07602-0800
201-489-3000
201-489-1536  Facsimile
Email: msirota@coleschotz.com
Email: cwelch@coleschotz.com

-and -

Thomas A. Clare, P.C. (*pro hac vice* pending)
Daniel P. Watkins (*pro hac vice* pending)
**CLARE LOCKE LLP**
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
Email: tom@clarelocke.com
Email: daniel@clarelocke.com

*Attorneys for Plaintiff, Andrew P. Napolitano*

| | |
|---|---|
| ANDREW P. NAPOLITANO,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES CORBISHLEY,<br><br>Defendant. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CIVIL ACTION NO.<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff Andrew P. Napolitano ("Former Judge Napolitano"), by way of Complaint against

Defendant Charles Corbishley (" Defendant"), alleges and states as follows:

## NATURE OF THE ACTION

1.      Former Judge Andrew P. Napolitano files this action to vindicate his good name

after Defendant executed his extortionate scheme and defamatory smear campaign to damage

permanently Former Judge Napolitano's reputation with fabricated and baseless accusations of

sexual misconduct that supposedly occurred more than thirty years in the past.

2.      Defendant is a convicted felon with a criminal record that spans three decades. Although he made a run-of-the-mill appearance in Judge Napolitano's court in the late 1980s as a defendant in a criminal proceeding, Defendant has now concocted a false story that his then-criminal lawyer (now conveniently deceased) supposedly set up an arrangement whereby Defendant received lenient treatment from Former Judge Napolitano in exchange for a sexual favor.  Nothing could be further from the truth.

3.      Former Judge Napolitano has never had any private, *ex parte* meeting with Defendant; further, he never engaged in any sort of sexual contact with Defendant, and Former Judge Napolitano never made any agreement – or otherwise had any communications – to impose a lesser sentence for Defendant in exchange for any favor or services.  Former Judge Napolitano certainly never committed the sexual assault Defendant falsely contends transpired decades ago.

4.      On September 11, 2020, after a failed months long campaign to extort a settlement, Defendant filed a lawsuit against Former Judge Napolitano setting forth his fabricated sexual assault story in graphic detail and demanding $10 million.  Defendant filed his sham lawsuit in an entirely improper venue, the Southern District of New York, in which none of the alleged events are purported to have transpired and in which neither Defendant nor Former Judge Napolitano reside.  Presumably, Defendant chose this improper venue – the nation's largest media market – to maximize the exposure his lawsuit would receive.

5.      Even though he knew the accusations were demonstrably false, Defendant, both directly and through his attorneys, repeated his fabricated claims by publicizing the scandalous and false sexual assault allegations to numerous media outlets in an attempt to garner publicity for himself and his suit to coerce and oppress Former Judge Napolitano in furtherance of his

2

extortionate scheme.  At the same time, Defendant repeated his false story on multiple occasions, both before and after the filing of suit, to third parties, including New Jersey residents.

6.      Former Judge Napolitano brings this action in the correct venue to set the record straight, to vindicate his rights under civil law, to restore his reputation as a distinguished jurist, and to establish Defendant's liability for the harm that his false and defamatory statements have caused.  Former Judge Napolitano seeks an award of compensatory damages for the reputational and economic harm caused by Defendant's false accusations and, given the willful and malicious nature of Defendant's conduct in knowingly publishing defamatory falsehoods about him, Former Judge Napolitano also seeks an award of punitive damages.

## PARTIES

7.      Former Judge Napolitano is a resident of, and is domiciled in, Sussex County, New Jersey.  Former Judge Napolitano previously served as a judge for the Superior Court of New Jersey in Bergen County, New Jersey.

8.      Defendant is a resident of South Carolina.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of the State of New Jersey, Defendant is a citizen of another state, and the amount in controversy exceeds $75,000.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted allegedly occurred in this District. In fact, the entirety of Defendant's concocted story purportedly took place in Bergen County, New Jersey.

11.     This Court has personal jurisdiction over Defendant because Defendant expressly aimed and purposefully directed his defamatory statements – which are based on conduct that

supposedly took place in Bergen County, New Jersey – at Former Judge Napolitano, a New Jersey resident, knowing that the brunt of the injury would be felt in New Jersey.  Among other affirmative acts, Defendant launched his campaign of extortion and defamation by sending a demand letter and proposed verified complaint, intended for filing in the Superior Court of New Jersey, Bergen County, to Former Judge Napolitano at his New Jersey residence.

## FACTUAL ALLEGATIONS

12.     Defendant's campaign against Former Judge Napolitano is almost a year in the making.  Long before filing suit against Former Judge Napolitano, Defendant hired his attorneys and agents, Jon Norinsberg and Bennitta Joseph, to serve as his legal counsel through the law firm of Joseph & Norinsberg, LLC.

13.     Even though Defendant knew that his accusations were completely false, and that Former Judge Napolitano had never acted improperly towards him, he set out to extort the Former Judge by threatening to publicize this fabulist account of sexual misconduct.

14.     Defendant directed his agents and lawyers to send an extortionate demand letter to Former Judge Napolitano on December 2, 2019.  This letter included a draft *verified* complaint asserting false accusations of sexual misconduct and corruption against Former Judge Napolitano. The verified complaint even went so far as to falsely insinuate that Defendant was a juvenile at the time of the alleged incident, even though available public records clearly demonstrate that Defendant was a twenty (20) year-old man when he appeared in Court before then-Judge Napolitano.  That extortion demand and verified Complaint (the "Original Complaint") are attached as **Exhibit 1** and incorporated herein by reference.

15.     After receiving Defendant's extortion demand, Former Judge Napolitano retained counsel who sent a letter to Defendant's counsel on January 16, 2020, demanding that Defendant retract his defamatory statements.  The January 16, 2020 letter is attached as **Exhibit 2** and

4

incorporated herein by reference.  The January 16, 2020 letter provided documentary evidence that confirmed the impossibility of Defendant's fabricated claims.

16.    One of those pieces of evidence was the fact that at the time Defendant claims his fabricated tale occurred, Former Judge Napolitano did not live in a "house" with a "driveway" that could have been shoveled, and there was no "out back" where the alleged assault could have occurred.  Former Judge Napolitano lived on the 26th floor of a condominium building in Hackensack, New Jersey.

17.    Incredibly, even though Defendant, who resided in Hackensack, New Jersey at all times relevant to the fabricated allegations, could not identify the address of the home, or even the street, on which this incident that has left him so scarred purportedly occurred, Defendant did not abandon his extortionate scheme and retract his defamatory statements.

18.    Instead, Defendant chose to recklessly disregard the contents of January 16, 2020 letter and refused to withdraw the Complaint.  Defendant pivoted to a new allegation that the act occurred at an unidentified home in Hackensack, New Jersey that was "owned/leased/rented and/or borrowed" by Former Judge Napolitano.

19.    After Former Judge Napolitano refused to succumb to his extortionate scheme, throughout the Spring of 2020 Defendant contacted his former associates, including two New Jersey residents, and recounted the fabricated tale to them – a story Defendant had conspicuously never mentioned in over thirty (30) years.

20.    On September 11, 2020, Defendant filed a baseless lawsuit alleging that he had been sexually abused by Former Judge Napolitano.  *See Charles Corbishley v. Andrew Napolitano*, Case No. 1:20-cv-07445 (Sep. 11, 2020 S.D.N.Y.).  That lawsuit was improperly filed in the Southern District of New York based on a false allegation that Former Judge Napolitano resides

5

in the City, County and State of New York.[1]

21.     Defendant was forced to make even more substantive changes to his accusations in the complaint he ultimately filed in order to continue his scheme.  In its latest iteration, the current complaint changes the alleged location of the supposed sexual assault from Former Judge Napolitano's residence to a home that was "owned/leased/rented and/or borrowed" by Former Judge Napolitano "and/or Robert Hollis [Defendant's deceased criminal defense lawyer], so as to arrange for a clandestine location where Napolitano could meet privately with Corbishley."

22.     In the Original Complaint, Defendant claimed that his attorney arranged the "private, *ex parte*, meeting with Former Judge Napolitano at "the Napolitano residence," and that he went to Former Judge Napolitano's "house," where he was asked to "go out back" to "shovel the driveway."  Defendant claimed this "out back" was where the assault took place.

23.     Thus, even though Defendant has had actual knowledge that his claims were pure fiction, and was put on further written notice of that claim-defeating fact and supporting documentary evidence, Defendant doubled down on his false accusations and filed a sham lawsuit to inflict further damage to Former Judge Napolitano's reputation.

24.     To be clear, Defendant transmitted the Original Complaint and subsequently filed his sham-pleading in the Southern District of New York in bad faith and for improper purposes. Specifically, his false complaints were intended to harass, coerce and oppress Former Judge Napolitano, cause malicious injury, damage his reputation, and extort him into paying millions in "hush money" demanded by Defendant.  Former Judge Napolitano refuses to be extorted.

25.     The claims set forth in Defendant's Original Complaint and his sham-pleading

---

[1] Contemporaneously with the filing of this action, Former Judge Napolitano will file a motion in that action to transfer venue to this District, where it should have been filed in the first instance given that all of the events alleged in that action purportedly occurred in this District and Former Judge Napolitano resides in this District.

Southern District of New York Complaint are objectively meritless, completely baseless as a matter of law, and Defendant has no reasonable expectation, whatsoever, that he will secure favorable relief through the judicial process for claims he knows to be false. Instead, he is simply seeking to use fear of public ridicule, coercion and oppression to extort Former Judge Napolitano.

26.     Both before and after filing suit against Former Judge Napolitano, in September of 2020, Defendant, through his agents and lawyers, repeated the incendiary accusations in coordinated press releases and related statements to journalists and the public in an unashamed attempt to try his case in the court of public opinion before Former Judge Napolitano even had a chance to use the judicial process to vindicate his rights. Such actions represented a malicious abuse of process in so far as Defendant used his sham-pleading, and the legal process, to further his extortionate efforts and media campaign.

27.     Defendant knew that these were false statements but nonetheless published them to obtain publicity and leverage and cause even more irreparable harm to Former Judge Napolitano's reputation.

28.     By filing his false claims against Former Judge Napolitano and publicizing the allegations he fabricated, Defendant, through his agents and lawyers, swiftly mobilized a media firestorm against Former Judge Napolitano. Hundreds of thousands of individuals read the false allegations and this caused irreparable damage to Former Judge Napolitano's reputation.

29.     Defendant knew his smear campaign and extortion scheme against Former Judge Napolitano was completely baseless, but he intentionally disregarded the truth to continue in his attempt to coerce Former Judge Napolitano into paying him to go away.

## COUNT ONE
### (Defamation – *per se*)

30.     Former Judge Napolitano repeats and realleges the allegations contained in the preceding paragraphs as if stated fully herein.

31.     Defendant published defamatory statements of fact of and concerning Former Judge Napolitano, including but not limited to false accusations that Former Judge Napolitano had:

- *Conspired with "Hollis, so as to arrange for a clandestine location" for the purpose of "sexually assaulting, sexually abusing, and/or having sexual contact" with Defendant.*
- *"[F]orced [Defendant] to perform fellatio."*
- *"[F]orcibly sodomiz[ed] [Defendant]."*
- *"[I]mpose[d] a lighter sentence on [Defendant]" and showed "improper preferential treatment toward" Defendant because Judge Napolitano "was attempting to create goodwill with [Defendant], and thereby ensure that [Defendant] would remain silent about Napolitano's sexual assault of him."*
- *"[R]ecently reached out to law enforcement authorities and made completely false criminal accusations against accusations against" Defendant that were "outright fabrications."*
- *"Attempt[ed] to harass and intimidate" Defendant "and one of [his] witnesses."*

32.     Defendant made these statements in his sham complaint that he filed in the Southern District of New York.

33.     Additionally, Defendant made these statements to his friends, acquaintances and family members.  Defendant repeated these statements in press releases that he caused to be issued to the public in connection with his smear campaign against Former Judge Napolitano.

34.     In September of 2020, Defendant made the following statements, through his counsel and agents, to members of the press and the public:

*"Judge Napolitano perverted the enormous judicial power that we gave him to uphold the law, when he used his judicial authority to sexually assault Mr. Corbishley. Further, Napolitano's recent use of his judicial power and influence to intimidate Mr. Corbishley into silence by fabricating criminal charges against him, reveal nothing has changed. Judge Napolitano will not hesitate to use his power and influence to intimidate people he perceives as powerless when it satisfies his personal agenda."*

*"For over 30 years, [Defendant] has suffered tremendous physical and emotional distress because of Judge Napolitano's abhorrent actions."*

35.     In various communications throughout 2020 with the media, friends, and family members, Defendant falsely alleged, in words or in substance, that Former Judge Napolitano had:

- *"fabricated false charges" against Defendant.*
- *"sexually assaulted and battered" him.*
- *"orchestrated and carried out an unlawful scheme with his former defense counsel to exchange clemency for sexual favors."*
- *"intentionally caused him to suffer severe pain and emotional distress."*
- *"forcibly sodomized [Defendant]."*

36.     All of these statements are completely false and without merit.

37.     Defendant never had any *ex parte* meeting with Former Judge Napolitano, Former Judge Napolitano never sexually assaulted him, and Former Judge Napolitano never conspired with Defendant's criminal defense counsel.  Defendant was not even a minor when the alleged events occurred, but rather a twenty (20) year-old man.  That Defendant would attempt to associate his fabricated story of alleged abuse of a career criminal with child victimization is an unconscionable affront to real victims of such acts.

38.     Former Judge Napolitano never made false accusations against Defendant, and he never intimidated, harassed, or otherwise acted improperly towards anyone.

39.     At all times relevant, Defendant knew that these defamatory statements were completely false and baseless.  Still, Defendant published the statements with actual malice and with the specific intent to harass Former Judge Napolitano, to pressure him into paying for the made-up claims, and to subvert this legal process.

40.     Defendant has published these defamatory statements to multiple parties knowing that they would damage Former Judge Napolitano's reputation and professional standing.

41.     These defamatory statements have permanently maligned Former Judge Napolitano's formerly pristine reputation—which he has spent decades building—as a highly regarded lawyer and respected jurist.

42.     These statements are defamatory *per se* because they falsely accuse Former Judge Napolitano of corruption in the performance of his public duties as a Superior Court

Judge.   Further, they falsely state that Former Judge Napolitano has committed criminal misconduct, and they affect him in his business, trade, and profession.

43.    Defendant has no applicable privilege or legal authorization to make these false and defamatory statements, or if he did, he abused it.

44.    Defendant made these false and defamatory statements intentionally, willfully, maliciously, and in conscious disregard of Former Judge Napolitano's rights and reputation and of the truth.

45.    Defendant acted with actual malice, showing intentional and reckless disregard for the falsity of his statements about Former Judge Napolitano.   Defendant made his defamatory accusations with the intent to harm, and out of hostility toward, Former Judge Napolitano.

46.    As a direct and foreseeable result of Defendant's false and defamatory statements, Former Judge Napolitano's professional standing in relation to his business and trade has been substantially impugned.

47.    As a direct and foreseeable result of Defendant's defamatory statements, Former Judge Napolitano's relationships with community members, peers, acquaintances, coworkers, readers, and friends have been damaged and destroyed.

48.    As a direct and foreseeable result of Defendant's defamatory statements, Former Judge Napolitano has been exposed to public hatred, contempt, and ridicule.

49.    As a direct and foreseeable result of Defendant's false and defamatory statements, Former Judge Napolitano has been forced to make substantial expenditures of money to remedy the defamation and suffered other economic and special damages.

50.    In view of the foregoing, Former Judge Napolitano is entitled to actual, presumed, punitive, and other damages in an amount to be proven at trial.

**DEFENDANT'S CONDUCT WARRANTS PUNITIVE DAMAGES**

51.     Former Judge Napolitano repeats and realleges each of the foregoing paragraphs as if set forth fully herein.

52.     Defendant's conduct warrants the imposition of punitive damages.  The factors justifying punitive damages include, at a minimum, the following:

a.      Defendant ignored information available to him that rebutted his false statements;

b.      Defendant acted with knowledge that his statements were false;

c.      Defendant deliberately published, and caused others to publish, statements they he knew to be false because Defendant wanted to discredit Former Judge Napolitano and extort him for a financial payout;

d.      Defendant knew that publishing such incendiary claims would have a damaging impact on Former Judge Napolitano; and

e.      Even after Former Judge Napolitano directed Defendant to indisputable evidence showing that Defendant's statements are false, Defendant refused to retract his false statements.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff respectfully requests that the Court enter an award in Former Judge Napolitano's favor, and against Defendant, as follows:

(1)     awarding Former Judge Napolitano compensatory damages in an amount to be determined;

(2)     awarding Former Judge Napolitano punitive damages in an amount to be determined;

(3)     awarding Former Judge Napolitano all expenses and costs, including attorneys' fees; and

(4)     such other and further relief as the Court deems appropriate.

(SIGNATURE PAGE FOLLOWS)

Dated: September 15, 2020

Respectfully Submitted,

/s Michael D. Sirota
Michael D. Sirota – Atty ID # 014321986
Cameron A. Welch – Atty ID # 031262005
COLE SCHOTZ P.C.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
Email: cwelch@coleschotz.com

Thomas A. Clare, P.C. (*pro hac vice* pending)
Daniel P. Watkins (*pro hac vice* pending)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
Email: tom@clarelocke.com
Email: daniel@clarelocke.com
*Attorneys for Plaintiff,*
*Andrew P. Napolitano*

# EXHIBIT 1

# JOSEPH & NORINSBERG, LLC

225 Broadway Suite 2700
New York, NY 10007
Tel (212) 227-5700
Fax (212) 656-1889

John J. Meehan, Esq.
jomeehan@norinsberglaw.com

www.employeejustice.com

December 2, 2019

*Via Federal Express*
The Hon. Andrew Napolitano

████████████

Newton, NJ 07860

Re:     *Charles Corbishley v. Andrew Napolitano*

Dear Mr. Napolitano,

Please be advised that Mr. Charles Corbishley has retained our law firm to file a lawsuit against you. This lawsuit arises from your sexual assault of Mr. Corbishley as a teenager while you were presiding over his criminal case in Hackensack, New Jersey. These allegations are set forth in detail in the annexed Complaint, which we intend to file on December 9, 2019.

This letter shall serve as a formal demand to compensate Mr. Corbishley for all of his damages, including but not limited to, damages for his sexual assault, severe emotional distress, and humiliation, as well as punitive damages and attorneys' fees. If you are interested in resolving this matter in an expedient and *confidential* manner, either directly or through a representative, please contact us upon receipt. If we do not receive a response within **seven days** of receipt of this letter, we will assume that there is no interest in resolving this matter. We will then take all steps necessary on behalf of our client to swiftly adjudicate this case in a court of appropriate jurisdiction, which will naturally make this a matter of public record.

Please preserve any and all documents, including, but not limited to, all complaints of, sexual abuse, harassment, and any records pertaining to the Corbishley criminal matter. Additionally, please preserve all documents, contracts, reports, notes, memoranda, bills, receipts, and e-mail correspondence relating to Mr. Corbishley, whether or not pertinent and/or material to the aforementioned claims, or any potential claims that she may have.

Should you have any questions or concerns, please do not hesitate to contact the undersigned.

Respectfully,

John J. Meehan
Joseph & Norinsberg, LLC

SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY
-------------------------------------------------------------------X
CHARLES CORBISHLEY,

                Plaintiff,                     **VERIFIED COMPLAINT**

       -against-                         **JURY TRIAL DEMANDED**

ANDREW NAPOLITANO,

                Defendant.
-------------------------------------------------------------------X

       Plaintiff CHARLES CORBISHLEY, by his attorney JOSEPH & NORINSBERG, LLC,

bring this action against defendant ANDREW NAPOLITANO ("Napolitano" or "Defendant"),

alleging, on personal knowledge as to him and on information and belief as to all other matters, as

follows:

### JURY DEMAND

       Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION AND VENUE

    1.      This Court has personal jurisdiction over the Defendant in that at the date of the

incident, defendant resided in the State of New Jersey.

    2.      This Court has jurisdiction over this action because the amount of damages Plaintiff

seeks exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

    3.      Venue for this action is proper in the County of Bergen, pursuant to R. 4:3-2, in that

venue is properly laid in the county in which the cause of action arose.

### CHILD VICTIMS ACT

    4.      Each of Plaintiff's causes of action is timely pursuant to the Child Victims Act that

was enacted on May 13, 2019, and went into effect on December 1, 2019. Plaintiff alleges that the

Defendant committed intentional or negligent acts or omissions which resulted in Plaintiff suffering physical, psychological or other injuries or conditions as a direct and proximate result of conduct which constitutes a sexual offense committed against his person, as defined in Section 1 of P.L. 1992, c. 109, as amended on May 13, 2019. This action, moreover, has not been filed until the effective date of December 1, 2019.

## PARTIES

5.    Plaintiff CHARLES CORBISHLEY is an individual currently residing in Little River, South Carolina.

6.    At all relevant times, plaintiff was a teenage boy and a resident of Hackensack, in the County of Bergen.

7.    Defendant ANDREW NAPOLITANO is an attorney duly licensed to practice law in the State of New Jersey, and who was, at all relevant times, a New Jersey Superior Court Justice.

8.    At all relevant times, Defendant NAPOLITANO was the presiding Justice on a pending criminal action against plaintiff CHARLES CORBISHLEY.

## STATEMENT OF FACTS

9.    Plaintiff CHARLES CORBISHLEY had a difficult family life, and was in and out of trouble with the law as a teenager.

10.    During the times relevant to the allegations set forth herein, Defendant NAPOLITANO presided over plaintiff's criminal charges stemming from a violation of probation.

11.    Plaintiff was on probation for a juvenile arson charge.

12.    Plaintiff violated his probation and was arrested on another arson charge.

13.    Thereafter, plaintiff retained the services of Robert A. Hollis, Esq., a criminal defense attorney.

14. Shortly after retaining the services of Mr. Hollis, Mr. Corbishley's case was transferred to defendant ANDREW NAPOLITANO's court.

15. Through his position as a New Jersey Superior Court Justice, defendant NAPOLITANO was put in direct access to Plaintiff CHARLES CORBISHLEY.

16. Mr. Hollis used his position as plaintiff's criminal defense attorney to arrange for plaintiff CHARLES CORBISHLEY to have a private, *ex parte*, meeting with defendant ANDREW NAPOLITANO at the Napolitano residence.

17. Under the direction and advice of his attorney, Mr. Corbishley went to defendant ANDREW NAPOLITANO's house, located in Hackensack, NJ.

18. Mr. Corbishley was instructed to bring a snow-shovel, as well as a Christmas card for defendant NAPOLITANO.

19. Mr. Corbishley complied with his attorney's request, and went to defendant's home.

20. Upon arrival at the residence, Mr. Corbishley rang the doorbell, and defendant answered the door. Defendant NAPOLITANO instructed plaintiff to go out back and begin to shovel the driveway. Plaintiff complied.

21. Thereafter, defendant NAPOLITANO came outside, dressed only in a trench coat.

22. Defendant NAPOLITANO then proceeded to make small talk with plaintiff, asking about his family life, and the family-owned pharmacy in town, Mira Pharmacy.

23. Defendant NAPOLITANO then approached plaintiff, and stated "you know, you could be going away for a long time."

24. As defendant was speaking to plaintiff, he proceeded to place his hands on plaintiff's shoulders, and forced plaintiff to his knees. As he pushed down toward the ground,

defendant stated "you should be a good boy."

25.    Thereafter, defendant NAPOLITANO pulled his penis out.

26.    Plaintiff was forced to perform fellatio on the Hon. Andrew Napolitano, the presiding Justice on his criminal case.

27.    As defendant began to ejaculate into plaintiff's mouth, plaintiff took off crying and ran away.

28.    Thereafter, in exchange for plaintiff's "services" to Judge Napolitano, plaintiff received a significantly reduced sentence from the Court for the violation of his probation with a second arson charge: more probation.

29.    Several years later, Mr. Corbishley again violated his probation, this time for narcotics and possession of a weapon.

30.    Plaintiff pled guilty to these charges and, shockingly, defendant NAPOLITANO simply released plaintiff, claiming that "The Court finds that the defendant has been burdened with probation long enough given the nature of the original offense, and that further probation would be fruitless and frustrative for both the defendant and probation department."

31.    Defendant NAPOLITANO'S conduct constitutes Sexual Assault under 2C:14-2 (C)(2) since "[t]he victim [was] on probation or parole... and the actor has supervisory or disciplinary power over the victim by virtue of the actor's legal, professional or occupational status."

32.    As a matter of law, it was impossible for Plaintiff CHARLES CORBISHLEY to be a "willing partner" in any type of sexual encounter with NAPOLITANO.

33.    As a matter of law, it was impossible for Plaintiff CHARLES CORBISHLEY to have "consented" to any sexual activities with NAPOLITANO.

34.     As a direct result of Defendant's conduct described herein, Plaintiff suffered and will continue to suffer great pain of mind and body, severe and permanent emotional distress, and physical manifestations of emotional distress. Plaintiff was prevented from obtaining the full enjoyment of life; has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and has incurred and will continue to incur loss of income and/or loss of earning capacity.

## FIRST CLAIM FOR RELIEF
## SEXUAL ASSAULT

35.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

36.     Defendant ANDREW NAPOLITANO did sexually assault, sexually abuse, and/or have sexual contact with Plaintiff in violation of the laws of the State of New Jersey.

37.     By sexually assaulting, sexually abusing, and/or having sexual contact with Plaintiff, Defendant ANDREW NAPOLITANO placed Plaintiff in imminent and reasonable apprehension of harmful and offensive contact.

38.     By sexually assaulting, sexually abusing, and/or having sexual contact with Plaintiff, Defendant ANDREW NAPOLITANO acted so as to cause repeated unjustified, harmful and offensive physical contact with Plaintiff.

39.     As a direct result of Defendants' conduct Plaintiff has suffered the injuries and damages described herein.

40.     By reason of the foregoing, Defendant is liable to Plaintiff for compensatory damages and for punitive damages, together with interest and costs.

## SECOND CLAIM FOR RELIEF
## ASSAULT

41.     Plaintiff repeats and realleges each and every allegation set forth above as if fully

set forth herein.

42.     Defendant's aforementioned actions placed plaintiff CHARLES CORBISHLEY in apprehension of imminent harmful and offensive bodily contact.

43.     As a result of the foregoing, plaintiff CHARLES CORBISHLEY sustained, *inter alia*, assault, battery, severe emotional distress, embarrassment, humiliation, physical pain and mental anguish, together with shock, fright, and apprehension.

## THIRD CLAIM FOR RELIEF
## BATTERY

44.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

45.     Defendant ANDREW NAPOLITANO touched plaintiff in a harmful and offensive manner.

46.     Defendant did so without privilege or consent from plaintiff CHARLES CORBISHLEY.

47.     As a result of the foregoing, plaintiff CHARLES CORBISHLEY sustained, *inter alia*, assault, battery, severe emotional distress, embarrassment, humiliation, physical pain and mental anguish, together with shock, fright, and apprehension.

## FOURTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

49.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

50.     The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

51. As a result of the aforementioned conduct, plaintiff CHARLES CORBISHLEY suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, and fright.

**WHEREFORE,** Plaintiff CHARLES CORBISHLEY hereby demands judgment against the Defendant on each cause of action as follows:

A. Awarding compensatory damages in an amount to be proven at trial, but, in any event, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter;

B. Awarding punitive damages to the extent permitted by law;

C. Awarding costs and fees of this action, including attorneys' fees to the extent permitted by law;

D. Awarding prejudgment interest to the extent permitted by law; and

E. Awarding such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
December 2, 2019

BY: _____
John J. Meehan, Esq.
JOSEPH & NORINSBERG, LLC
*Attorneys for Plaintiff*
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 227-5700

# EXHIBIT 2



## C L A R E  L O C K E
L L P

**THOMAS A. CLARE, P.C.**
tom@clarelocke.com
(202) 628-7401

10 Prince Street
Alexandria, Virginia 22314

(202) 628-7400

www.clarelocke.com

January 16, 2020

*Via Email*

Bennitta Joseph, Esq.
Jon Norinsberg, Esq.
John J. Meehan, Esq.
Joseph & Norinsberg, LLC
225 Broadway, Suite 2700
New York, New York 10007
Email: jmeehan@norinsberglaw.com
        jon@norinsberglaw.com
        bennitttaj@gmail.com

Re:     **Extortion of Judge Andrew Napolitano**

Dear Ms. Joseph and Messrs. Norinsberg and Meehan:

I am lead counsel to Judge Andrew Napolitano.  Judge Napolitano has retained my firm (together with our co-counsel at Cole Schotz, P.C.) to address – and pursue all available claims and remedies regarding – the demonstrably false and legally meritless claims you have threatened to file and publicize on behalf of Charles Corbishley.

Judge Napolitano will not be extorted.  He will not pay Corbishley or your firm any amount of money, under any circumstance.  The meeting with your firm tentatively scheduled for 6:00 p.m. tonight is canceled.  We have reported this unlawful extortion attempt to federal law enforcement officials for investigation.  Judge Napolitano has absolutely nothing to hide and will comply fully with law enforcement's investigation of these matters.

Judge Napolitano denies – in the strongest possible terms – ever having had a "private, *ex parte*" meeting with Corbishley, engaging in any sort of sexual contact with Corbishley, or imposing a lesser sentence (or providing any other consideration) in exchange for any "services." These false allegations accuse Judge Napolitano, a highly regarded lawyer and jurist with an unblemished reputation, of committing a sexual assault, battery, and corruption in the performance of his public duties as a Superior Court judge.   These allegations are demonstrably false and

defamatory per se, and we demand that you immediately withdraw the extortionate threat to file and publicize these false accusations that have no basis in reality.

Should your firm and Corbishley disregard the information in this letter and persist in your threat to file and publicize these allegations, Judge Napolitano is prepared to pursue all applicable claims and remedies against your client and your law firm to the fullest extent permitted under the law and applicable canons of professional ethics. Those remedies include, without limitation, immediately seeking sanctions against Corbishley, your law firm, and Mr. Meehan individually, as the signatory of the verified complaint and an attorney not licensed to practice law in the State of New Jersey in violation of RPC 5.5. Those remedies also will include the initiation of defamation counterclaims against Corbishley and your firm arising from the filing of a "sham" pleading for the sole and improper purpose of damaging Judge Napolitano's reputation. The law offers no protection for "sham" litigation pleadings.

New Jersey's frivolous litigation statute, N.J.S.A. 2A:15-59-1 requires the imposition of sanctions when: (i) litigation is "commenced, used or continued in bad faith solely for the purpose of harassment, delay or malicious injury," or (ii) the litigant "knew, or should have known, that the complaint . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." Both Rule 1:4-8 and the federal analog Fed. R. Civ. P. 11 impose an obligation on counsel and their clients, providing that any attorney who signs a pleading is certifying, to the best of his knowledge and after conducting a diligent inquiry, that the factual allegations contained therein are supported by credible evidence and that the pleading is not brought for an improper purpose.[1]

The lawsuit you are threatening to file is fatally flawed — both factually and legally — for multiple independent reasons:

The allegations in your verified complaint are pure fiction. Judge Napolitano categorically denies, in the strongest possible terms, each and every fact alleged in the complaint regarding Corbishley's purported claims for sexual assault, assault, battery, and intentional infliction of emotional distress. When Judge Napolitano's counsel asked you to identify any witnesses, evidence, or other proof that any of these things had ever occurred, the only "evidence" your firm was able to identify were public records demonstrating that Corbishley was, in fact, a career criminal in New Jersey with multiple criminal convictions.

Even the few allegations that do appear in the complaint demonstrate that the allegations and claims are both factually and legally meritless.

Corbishley's entire story is rooted in the assertion that his now-deceased criminal defense attorney instructed him to shovel snow from Judge Napolitano's driveway. (Comp. ¶¶ 17-20.)

---

[1] *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) ("[Fed. R. Civ. P. 11] imposes an affirmative duty on the parties to conduct a reasonable inquiry into the applicable law and facts prior to filing. An inquiry is considered reasonable under the circumstances if it provides the party with "an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact.") (citations omitted).

Although you have failed to identify a specific date for this fictional incident, the complaint alleges that it took place sometime after Corbishley pled guilty on November 16, 1988, but before he was sentenced in January 1989.[2] According to the verified complaint, Corbishley supposedly went to Judge Napolitano's "house" in Hackensack New Jersey and was instructed to go "out back" and "begin to shovel the driveway." (Comp. ¶¶ 17, 20.)

These allegations are demonstrably false. At the time alleged in the complaint (November 1988 - January 1989), Judge Napolitano lived on the 26th floor of this condominium building:



Thus, it is readily apparent that there was no "house," no "driveway" that could have been shoveled, and no "out back" where the alleged assault supposedly could have occurred. These facts, alone, conclusively demonstrate that Corbishley's claims are completely fabricated. They also demonstrate that Corbishley has either lied to your firm about his supposed claims or, at a minimum, that your firm has failed to adequately investigate the factual and legal basis for the threatened claim.

Your verified complaint also falsely claims that Corbishley was a "teenage boy" when the fabricated assault supposedly took place, presumably to resuscitate your 30-year-old claims that fall far outside of New Jersey's statute of limitations. But, according to the very same criminal court records you provided, Corbishley was 20 years old during the winter of 1988-1989. This is yet another demonstrably false allegation confirming that you and your firm have not conducted a proper investigation prior to threatening this extortionate action.

Moreover, Judge Napolitano did not, as falsely claimed in the verified complaint, order "a significantly reduced sentence" in exchange for the non-existent sexual favors or for any other reason. (Complaint ¶ 28.) Indeed, the opposite is true, and the very same criminal records you provided also reject this assertion. Those records demonstrate that after Corbishley entered into a plea deal with the prosecutor's office — pleading guilty to a crime in the fourth degree — Judge Napolitano

---

[2] Corbishley pled guilty to a lesser charge of Failure to Report a Dangerous Fire on November 16, 1988 and was sentenced by Judge Napolitano on January 27, 1989. Corbishley's criminal record is attached as **Exhibit A.**



sentenced Corbishley to five years of probation, the ***maximum term of probation*** allowed by law pursuant to N.J.S.A. 2C:45-2. Once again, the incontrovertible, documented facts completely reject the premise of your flawed lawsuit.

The complaint also contains a prominent reference to an inapplicable New York Statute — the "Child Victims Act" — in order to exacerbate the false impression that Corbishley was a minor when these events supposedly occurred. As you know, that is the name of a recently enacted New York statute <u>with absolutely no bearing on this litigation</u>. Nevertheless, in an effort to further sensationalize your complaint and misrepresent the facts, you prominently suggest that Corbishley's claims are being brought pursuant to this law. As you also know, the New Jersey bill — P.L.2019 c. 120 — relevant to your complaint does not have any such title. Your reference to the New York statute is misleading, impertinent, grossly inappropriate, and solely intended to portray Judge Napolitano, and the allegations against him, in a false light to draw headlines, and enhanced embarrassment, to Judge Napolitano where none are justified.

There can be no doubt that the complaint is factually baseless and legally meritless. Your firm sent the verified complaint for the sole and improper purpose of extorting, threatening, defaming, harassing, and embarrassing Judge Napolitano. We demand that you withdraw the threat immediately.

This is not intended to be a complete statement of Judge Napolitano's rights, remedies, claims and causes of action, all of which are expressly reserved.

Very truly yours,

Thomas A. Clare, P.C.

cc: Michael Sirota, Esq.
   Michael Weinstein, Esq.

4

# Exhibit A

**State of New Jersey**

v.                    V.O.P.

CHARLES CORBISHLEY

Defendant (Specify Complete Name)

New Jersey Superior Court

BERGEN County

Law Division – Criminal

- ☐ **Judgment of Conviction**
- ☐ **Change of Judgment**
- ☐ **Order for Commitment**
- ☐ **Indictment/Accusation Dismissed**
- ☐ **Judgment of Acquittal**

| | |
|---|---|
| 390991B | DATE OF BIRTH |
| | S.B.I. # |
| 11/2/87 | DATE OF ARREST |
| 2/16/88 | DATE IND / ACC FILED |
| 3/11/88 | DATE OF ORIGINAL PLEA |
| ☒ NOT GUILTY  ☐ GUILTY | ORIGINAL PLEA |

ADJUDICATION BY:        DATE
☒ GUILTY PLEA          11/16/88
☐ JURY TRIAL
☐ NON-JURY TRIAL
☐ Dismissed/Acquitted

## ORIGINAL CHARGES

| IND / ACC. No. | Count | Description | Degree | Status |
|---|---|---|---|---|
| S-230-88 | 1 | ARSON | | 2C:17-1(b)2 |
| | 2 | BURGLARY OF MOTOR VEHICLE | | 2C:18-2 |
| | 3 | AGGRAVATED ARSON | | 2C:17-1A2 |

## FINAL CHARGES

| Count | Description | Degree | Status |
|---|---|---|---|
| Ct. 1 | (AMENDED) FAILURE TO REPORT DANGEROUS FIRE | | 2C:17-1(c)2 |

1/27/89 Original Sentence

It is, therefore, on  8/8/91 V.O.P.   **ORDERED** and **ADJUDGED** that the defendant is sentenced as follows:

DEFENDANT RE-SENTENCED TO 2 YEARS PROBATION, EFFECTIVE TODAY.
DEFENDANT IS TO RECIEVE OUTPATIENT COUNSELING BY A PERSON LICENSED
TO DO SO AND WHO IS ACCEPTABLE TO PROBATION.  THIS PERSON IS TO
SUBMIT A WRITTEN REPORT TO PROBATION EVERY 60 DAYS.

150 HOURS COMMUNITY SERVICE-VACATED

☐ It is further **ORDERED** that the sheriff deliver the defendant to the appropriate correctional authority.

☐ Defendant is to receive credit for time spent in custody.

| | TOTAL NO. DAYS | DATES (From / To) |
|---|---|---|
| | | DATES (From / To) |

| Total Custodial Term | Institution | Total Probation Term |
|---|---|---|

Administrative Office of the Courts
Clerk Bureau of Administration

CPS 196 (Rev. 11/89) Replaces  LR-34 & LR-23
CDR 4 (Rev 11/89)

~~~~~ OF NEW JERSEY :      ------ ------    **BERGEN COUNTY**

~ VS - :

CHARLES CORBISHLEY   :     HONORABLE ANDREW P. NAPOLITANO
                        :     INDICTMENT NO. S-0230-88

------DEFENDANT------ x     ACCUSATION NO. _____
                               COMPLAINT NO. _____
                               DOCKET NO. _____

          I, PETER N. BRILL, VICINAGE CHIEF PROBATION OFFICER of the County of Bergen, aforesaid, do hereby charge that CHARLES CORBISHLEY _____, late of the CITY OF HACKENSACK _____, County of _____BERGEN_____ was on the ___16th___ day of ___NOVEMBER___ , _1988_ , convicted in the above-entitled Court on a charge of FAILURE TO REPORT DANGEROUS FIRE_____ and that upon said conviction the Court rendered the following judgment: On January 27, 1989:

Five (5) years Probation; Conditions: strict Narcotic control; 150 hours Community Service; any Violation of Probation is to be brought to Judge Napolitano; $30.00 Penalty to the Violent Crimes Compensation Board (paid).

VIOLATION OF PROBATION, AUGUST 8, 1991L: Probation extended two (2) years; Community Service remitted; to attend psychological counselling; Pay $30.00 VCCB Penalty in full; progress report every 60 days.

          That the said _____ CHARLES CORBISHLEY _____ did violate the terms and conditions of Probation in the following respects:

1. The Subject Violated Rule No. 1 of Probation by being arrested on September 15, 1991, by the Bergen County Police for Controlled Dangerous Substance, Marijuana; and Carrying a Prohibited Weapon.

2. The Subject Violated Rule No. 1 of Probation in that he Did Use or Was Under the Influence of Controlled Dangerous Substance, to wit: Cocaine on August 14, 1991, August 28, 1991, and September 4, 1991, as evidenced by positive urine specimens tested at Bergen Pines County Hospital Toxicology Laboratory.

.c.
.-91
;ak
),913
(AC)
2/91

5 500
31

DATED: _October 3, 1991_         _____
                                         PETER N. BRILL
                           VICINAGE CHIEF PROBATION OFFICER

**State of New Jersey**      VIOLATION OF PROBATION      New Jersey Superior Court

v.     BERGEN    County

Law Division – Criminal

CHARLES CORBISHLEY

Defendant (Specify Complete Name)

☐ Judgment of Conviction
☐ Change of Judgment
☐ Order for Commitment
☐ Indictment/Accusation Dismissed
☐ Judgment of Acquittal

| | |
|---|---|
| 390991B | DATE OF BIRTH |
| 11/2/87 | S.B.I. # |
| 2/16/88 | DATE OF ARREST |
| 3/11/88 | DATE IND / ACC FILED |
| ☒ NOT GUILTY ☐ GUILTY | DATE OF ORIGINAL PLEA |
| | ORIGINAL PLEA |

ADJUDICATION BY:    DATE
☒ GUILTY PLEA    11/16/88
☐ JURY TRIAL
☐ NON-JURY TRIAL
☐ Dismissed/Acquitted

## ORIGINAL CHARGES

| IND / ACC. No. | Count | Description | Degree | Status |
|---|---|---|---|---|
| S-230-88 | 1 | Arson | | 2C:17-1(b)2 |
| | 2 | Burglary of motor vehicle | | 2C:18-2 |
| | 3 | Aggr. Arson | | 2C:17-1A2 |

## FINAL CHARGES

| Count | Description | Degree | Status |
|---|---|---|---|
| Ct. 1 | (Amended) Failure to report dangerous fire | | 2C:17-1(c)2 |

1/27/89 Original Sentence

It is, therefore, on   1/3/92*   **ORDERED and ADJUDGED** that the defendant is sentenced as follows:

> \* MOTION BY DEFENDANT TO TERMINATE PROBATION GRANTED, DEFENDANT
> TERMINATED FROM PROBATION.

☐ It is further **ORDERED** that the sheriff deliver the defendant to the appropriate correctional authority.

   ☐ Defendant is to receive credit for time spent in custody.    TOTAL NO. DAYS    DATES (From / To)

   DATES (From / To)

Total Custodial Term _____ Institution _____    Total Probation Term _____

Administrative Office of the Courts
State Bureau of Identification

CN100 (Rev 11/86) Replaces LR-34 & LR-23
CDR 4 (Rev 11/86)

COPIES TO: CHIEF PROBATION OFFICER, STATE POLICE, AOC CRIMINAL PRACTICE DIVISION, DEPT OF CORRECTIONS or COUNTY PENAL INSTITUTION

State of New Jersey v   CHARLES CORBISHLEY      SBI #   390991B      IND ACC #

If any of the offenses occurred on or after July 9, 1987, and is not a violation of Chapter 35 or 36 of Title 2C.

Total FINE   $ _____

Total RESTITUTION   $ _____

1) A mandatory Drug Enforcement and Demand Reduction (D E D R ) penalty is imposed for each count (White in # times for each )

If the offense occurred on or after January 9, 1986, a penalty of $30 is imposed on each count on which the defendant was convicted unless the box below indicates a higher penalty pursuant to N J S A 2C.43-3.1. (Penalty is $25 if offense is before January 9, 1986, unless a higher penalty is noted )

- ___ 1st Degree @ $3000        ___ 4th Degree @ $750
- ___ 2nd Degree @ $2000        ___ Disorderly Persons or Petty
- ___ 3rd Degree @ $1000        ___ Disorderly Persons @ $500

Total D.E.D.R. Penalty $ _____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

☐ Penalty imposed on count(s) _____

is $ _____ each.

2) A mandatory driver's license suspension of _____ months is ORDERED.

The suspension shall begin today, _____ and end _____

Driver's License Number _____
(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address _____

Total VCCB Penalty   $ _____

Eye Color _____   Sex _____   Date of Birth _____

☐ This defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's license # _____

☐ Installment payments are due at the rate of $ _____ per _____

beginning _____
              (DATE)

☐ Your non-resident driving privileges are hereby revoked for _____ Months.

3) A license laboratory fee of $50 per offense is ORDERED.   Offenses @ $50.

Total LAB FEE $ _____

4)  Name of Drugs Involved _____

| NAME (Court Clerk or Person who prepares this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| Mary Ellen Smith | 201 646-3580 | Robert Hollis, Esq. |

## STATEMENT OF REASONS

THE COURT FINDS THAT THE DEFENDANT HAS BEEN BURDENED WITH PROBATION LONG ENOUGH GIVEN THE NATURE OF THE ORIGINAL OFFENSE, AND THAT FURTHER PROBATION WOULD BE FRUITLESS AND FRUSTRATING FOR BOTH THE DEFENDANT AND PROBATION DEPARTMENT.

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| HON. ANDREW P. NAPOLITANO, J.S.C. | | 23 Jan 92 |

Administrative Office of the Courts
State Bureau of Identification

CN10.06 (Rev  11/88) Replaces LR-34 & LR-35
CDR 4 (Rev  11/88)

COPIES TO:   CHIEF PROBATION OFFICER,  STATE POLICE   SBI CRIMINAL PRACTICE DIVISION,  DEPT OF CORRECTIONS or COUNTY PENAL INSTITUTION

P.O.2807-87
/bh
2-16-88
SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY - LAW DIVISION
JANUARY          TERM A.D. 1988
SECOND           STATED SESSION

THE STATE OF NEW JERSEY          :

          -vs-                   :

                                 :

     ████████████               :     Indictment No. S-0230-88

     CHARLES CORBISHLEY          :

                                 :

     DEFENDANTS                  :

The Grand Jurors of the State of New Jersey, for the County
of Bergen, upon their oaths present as a

### FIRST COUNT

that ████████████ and CHARLES CORBISHLEY on or about November 2,
1987 in the City of Hackensack, in the County of Bergen
aforesaid, and within the jurisdiction of this Court, did
purposely start a fire or cause an explosion at a garbage
dumpster located in the parking lot behind 100 Second Street
thereby recklessly placing a building or structure of another, to
wit, a two family home located at 96 Second Street and a multi-
family apartment building located at 100 Second Street in danger
of damage or destruction; contrary to the provisions of NJS
2C:17-1(b) 2, and against the peace of this State, the Government
and dignity of the same.

## SECOND COUNT

that ████████ and CHARLES CORBISHLEY, on or about November 2,
1987, in the City of Hackensack, in the County of Bergen
aforesaid, and within the jurisdiction of this Court, did
unlawfully enter the structure of ████████, to wit, a 1968
White Volvo, North Carolina Registration DME-890, located in the
parking lot behind 100 Second Street, with the purpose to commit
an offense therein; contrary to the provisions of NJS 2C:18-2,
and against the peace of this State, the Government and dignity
of the same.

## THIRD COUNT

that ████████ and CHARLES CORBISHLEY on or about November 2,
1987 in the City of Hackensack, in the County of Bergen
aforesaid, and within the jurisdiction of this Court, did start a
fire or cause an explosion at the parking lot located behind 100
Second Street, with the purpose of destroying a building or
structure of another, to wit, a 1968 White Volvo North Carolina
Registration DME-890 owned by ████████ contrary to the
provisions of NJS 2C:17-1(a)2, and against the peace of this

State, the Government and dignity of the same.

LARRY J. McCLURE
COUNTY PROSECUTOR

2/16/88

By:  Assistant Prosecutor

A True Bill

2807-87

**State of New Jersey**

v.                        S-0230-88-02

New Jersey Superior Court

BERGEN               County

Law Division – Criminal

CHARLES CORBISHLEY
*Defendant*

155 Poplar Ave
Hackensack NJ

| | |
|---|---|
| 390991B | S.B.I. # |
| 11/2/87 | DATE OF ARREST |
| 2/16/88 | DATE INDICTMENT FILED |
| 3/11/88 | DATE OF ORIGINAL PLEA |
| ☒ NOT GUILTY ☐ GUILTY | ORIGINAL PLEA |

☒ **JUDGMENT OF CONVICTION**

☐ **ORDER FOR COMMITMENT**

ADJUDICATION BY:          DATE
☒ GUILTY PLEA              11/16/88
☐ JURY TRIAL
☐ NON-JURY TRIAL

DOB-
SSA -

**ORIGINAL CHARGES**

| Indictment No. | Count | Description | Degree | Status |
|---|---|---|---|---|
| S-230-88 | 1 | ARSON | | 2C:17-1(b)2 |
| | 2 | BURGLARY OF MOTOR VEHICLE | | 2C:18-2 |
| | 3 | AGGRAVATED ARSON | | 2C:17-1A2 |

**FINAL CHARGES**

| | CT. | 1 | (AMENDED)  FAILURE TO REPORT DANGEROUS FIRE | 2C:17-1(c)2 |
|---|---|---|---|---|

It is, therefore, on ___1/27/89___ ORDERED and ADJUDGED that the defendant is sentenced as follows:

DISMISS CTS.2 & 3 ON STATE'S MOTION.
CT.1-  FIVE YEARS PROBATION WITH STRICT NARCOTICS CONTROLS.
ONE HUNDRED AND FIFTY HOURS COMMUNITY SERVICE. THE
DEFENDANT HAS FIVE YEARS TO COMPLETE THE COMMUNITY SERVICE.
ANY VIOLATION OF PROBATION IS TO BE BROUGHT BEFORE
JUDGE NAPOLITANO.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

☐ Defendant is to receive credit for time spent in custody.    TOTAL JEL DAYS       DATES (From / To)

DATES (From / To)

State of New Jersey v  CHARLES CORBISHLEY        SBI# 390991B

If the offense occurred on or after January 9, 1986, a penalty of $30 is imposed on each count on which the defendant was convicted unless the box below indicates a higher penalty pursuant to N.J.S.A 2C 43-3.1 (Penalty is $25 if offense is before January 9, 1986, unless a higher penalty is noted.)

☑ Penalty imposed on count(s) ___1___ is $ __30.00__ each

Total VCCB Penalty  $ __30.00__

Total FINE  $ _____

Total RESTITUTION  $ _____

If any of the offenses occurred on or after July 9.1987, and is for a violation of Chapter 35 or 36 of Title 2C.

1) A mandatory Drug Enforcement and Demand Reduction (D E D R ) penalty is imposed for each count. (Write in # times for each.)

____ 1st Degree @ $3000        ____ 4th Degree @ $750
____ 2nd Degree @ $2000       ____ Disorderly Persons or Petty
____ 3rd Degree @ $1000        Disorderly Persons @ $500

Total D.E.D.R. Penalty  $ _____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A mandatory driver's license suspension of _____ months is ORDERED forthwith.

Driver's License # _____        Eye Color _____

Date of Birth _____        License Surrendered: ☐ Yes ☐ No

☐ If the term of suspension is more than six (6) months, the Court will allow reinstatement by the Division of Motor Vehicles pursuant to the N.J.S.A 2C 35-16 if the defendant is not drug dependant.

3) A forensic laboratory fee of $50 per offense is ORDERED.  ____ Offenses @ $50

Total LAB FEE  $ _____

☐ Installment payments are due at the rate of $ _____  per _____, beginning _____
(DATE)

NAME (Court Clerk or Person who prepared this form)
LUCIE RACAMATO

NAME (Attorney for Defendant at Sentencing)
ROBERT HOLLIS,ESQ.

## STATEMENT OF REASONS

THE FOLLOWING AGGRAVATING CONSIDERATIONS WERE NOTED BY THE COURT:
THE RISK THAT THE DEFENDANT WILL COMMIT ANOTHER OFFENSE;THE DEFENDANT
HAS HAD MINOR INVOLMENT WITH THE CRIMINAL JUSTICE SYSTEM;
THE NEED TO DETER THIS DEFENDANT AND OTHERS FROM COMMITTING FUTURE
OFFENSES; THE DEFENDANT DID INFLUENCE A YOUNGER PERSON IN THE COMMISSION
OF THIS OFFENSE.
THE COURT NOTED THAT THERE WERE NO MITIGATING FACTORS CONCERNING THIS DEFENDANT

JUDGE (Name)
ANDREW P. NAPOLITANO, JSC

JUDGE (Signature)
Napolitano

DATE
1/27/89

CC  Chief Probation Officers

**State of New Jersey**

          **V.O.P.**

v.

CHARLES CORBISHLEY

Defendant (Specify Complete Name)

| New Jersey Superior Court |
| --- |
| BERGEN County |
| Law Division – Criminal |

| ☐ | **Judgment of Conviction** |
| --- | --- |
| ☐ | **Change of Judgment** |
| ☐ | **Order for Commitment** |
| ☐ | **Indictment/Accusation Dismissed** |
| ☐ | **Judgment of Acquittal** |

|  |  |  |  |
| --- | --- | --- | --- |
| 390991B | DATE OF BIRTH | | |
| | S.B.I. # | | |
| 11/2/87 | DATE OF ARREST | **ADJUDICATION BY:** | **DATE** |
| 2/16/88 | DATE IND / ACC FILED | ☒ GUILTY PLEA | 11/16/88 |
| 3/11/88 | DATE OF ORIGINAL PLEA | ☐ JURY TRIAL | |
| ☒ NOT GUILTY  ☐ GUILTY | ORIGINAL PLEA | ☐ NON-JURY TRIAL | |
| | | ☐ Dismissed/Acquitted | |

## ORIGINAL CHARGES

| IND / ACC No. | Count | Description | Degree | Status |
| --- | --- | --- | --- | --- |
| S-230-88 | 1 | ARSON | | 2C:17-1(b)2 |
| | 2 | BURGLARY OF MOTOR VEHICLE | | 2C:18-2 |
| | 3 | AGGRAVATED ARSON | | 2C:17-1A2 |

## FINAL CHARGES

| Count | Description | Degree | Status |
| --- | --- | --- | --- |
| Ct. 1 | (AMENDED) FAILURE TO REPORT DANGEROUS FIRE | | 2C:17-1(c)2 |

1/27/89 Original Sentence

It is, therefore, on  8/8/91 V.O.P. **ORDERED** and **ADJUDGED** that the defendant is sentenced as follows:

DEFENDANT RE-SENTENCED TO 2 YEARS PROBATION, EFFECTIVE TODAY.
DEFENDANT IS TO RECIEVE OUTPATIENT COUNSELING BY A PERSON LICENSED
TO DO SO AND WHO IS ACCEPTABLE TO PROBATION.  THIS PERSON IS TO
SUBMIT A WRITTEN REPORT TO PROBATION EVERY 60 DAYS.

150 HOURS COMMUNITY SERVICE-VACATED

☐ It is further **ORDERED** that the sheriff deliver the defendant to the appropriate correctional authority.

  ☐ Defendant is to receive credit for time spent in custody.

| | TOTAL NO. DAYS | DATES (From / To) |
| --- | --- | --- |
| | | DATES (From / To) |
| Total Custodial Term _____ | Institution _____ | Total Probation Term _____ |

Administrative Office of the Courts
State Bureau of Identification

State of New Jersey v.  CHARLES CORBISHLEY     SBI # 390991B          IND. ACC # S-0230-88

Total FINE $ _____

Total RESTITUTION $ _____

If the offense occurred on or after January 9, 1986,
a penalty of $30 is imposed on each count on
which the defendant was convicted unless the box
below indicates a higher penalty pursuant to N.J.S.A.
2C.43-3.1. (Penalty is $25 if offense is before
January 9, 1986, unless a higher penalty is noted.)

[X] Penalty imposed on
        COUNT(s) _____

        in $ 30.00 each.

Total VCCB Penalty $ 30.00

[ ] Installment payments are due at the rate
    of $ _____ per _____
    beginning _____
                        (DATE)

If any of the offense occurred on or after July 9, 1987, and is for a violation of Chapter 35
or 36 of Title 2C.

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for
   each count. (Write in # times for each.)

        _____ 1st Degree @ $3000        _____ 4th Degree @ $750
        _____ 2nd Degree @ $3000        _____ Disorderly Persons or Petty
        _____ 3rd Degree @ $1000        _____ Disorderly Persons @ $500

                                        Total D.E.D.R. Penalty $ _____

[ ] Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon
    defendant's entry into a residential drug program for the term of the program.

2) A mandatory driver's license suspension of ___ ___ months is ORDERED.

The suspension shall begin today, _____ and end _____

Driver's License Number _____
(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE
THE FOLLOWING.)

Defendant's Address _____

Eye Color _____ Sex _____ Date of Birth _____

[ ] The defendant is the holder of an out-of-state driver's license from the following
    jurisdiction _____ Driver's license # _____

[ ] Your non-resident driving privileges are hereby revoked for _____ Months.

3) A forensic laboratory fee of $50 per offense is ORDERED.    Total LAB FEE $ _____

4) Name of Drugs Involved _____

NAME (Court Clerk or Person who prepared this form)     TELEPHONE NUMBER     NAME (Attorney for Defendant or Sentencing)

MARY ELLEN SMITH                     646-3580        Robert Hollis, Esq.

## STATEMENT OF REASONS

JUDGE (Name)                          JUDGE (Signature)                      DATE

ANDREW P. NAPOLITANO, J.S.C.          [signature] Napolito...              8/8/91

Administrative Office of the Courts
State Bureau of Identification

COPIES TO:  CHIEF PROBATION OFFICER, STATE POLICE   AOC CRIMINAL PRACTICE DIVISION,  DEPT OF CORRECTIONS or COUNTY PENAL INSTITUTION

**State of New Jersey**                VIOLATION OF PROBATION        **New Jersey Superior Court**

v.                                                                  BERGEN        County

                                                                    **Law Division – Criminal**

CHARLES CORBISHLEY                      ☐ **Judgment of Conviction**
_____        ☐ **Change of Judgment**
Defendant (Specify Complete Name)       ☐ **Order for Commitment**
                                        ☐ **Indictment/Accusation Dismissed**
                                        ☐ **Judgment of Acquittal**

| | | |
|---|---|---|
| | DATE OF BIRTH | |
| 390991B | S.B.I. # | |
| 11/2/87 | DATE OF ARREST | **ADJUDICATION BY:**   **DATE** |
| 2/16/88 | DATE IND / ACC FILED | ☒ GUILTY PLEA   11/16/88 |
| 3/11/88 | DATE OF ORIGINAL PLEA | ☐ JURY TRIAL |
| ☒ NOT GUILTY  ☐ GUILTY | ORIGINAL PLEA | ☐ NON-JURY TRIAL |
| | | ☐ Dismissed/Acquitted |

**ORIGINAL CHARGES**

| IND / ACC No. | Count | Description | Degree | Statute |
|---|---|---|---|---|
| S-230-88 | 1 | Arson | | 2C:17-1(b)2 |
| | 2 | Burglary of motor vehicle | | 2C:18-2 |
| | 3 | Aggr. Arson | | 2C:17-1A2 |

**FINAL CHARGES**

| Count | Description | Degree | Statute |
|---|---|---|---|
| Ct. 1 | (Amended) Failure to report dangerous fire | | 2C:17-1(c)2 |

1727/89 Original Sentence

It is, therefore, on  1/3/92*          **ORDERED** and **ADJUDGED** that the defendant is sentenced as follows:

     \* MOTION BY DEFENDANT TO TERMINATE PROBATION GRANTED, DEFENDANT
      TERMINATED FROM PROBATION.

☐ It is further **ORDERED** that the sheriff deliver the defendant to the appropriate correctional authority.

    ☐ Defendant is to receive credit for time spent in custody. _____   TOTAL NO. DAYS _____   DATES (From / To) _____

                                                                    DATES (From / To) _____

Total Custodial Term _____   Institution _____   Total Probation Term _____

Administrative Office of The Courts
State Bureau of Identification

CN/748 (Rev 11/88) Replaces LR-34 & LR-36
CDR 4 (Rev 11/88)

COPIES TO:   CHIEF PROBATION OFFICER, STATE POLICE, AOC CRIMINAL PRACTICE DIVISION, DEPT OF CORRECTIONS or COUNTY PENAL INSTITUTION

State of New Jersey v. CHARLES CORBISHLEY   SBI # 190991B   IND. ACC #

Total FINE $ _____

Total RESTITUTION $ _____

If the offense occurred on or after January 9, 1986, a penalty of $30 is imposed on each count on which the defendant was convicted unless the box below indicates a higher penalty pursuant to N.J.S.A. 2C:43-3.1. (Penalty is $25 if offense is before January 9, 1986, unless a higher penalty is noted.)

☐ Penalty imposed on count(s) _____

is $ _____ each.

Total VCCB Penalty $ _____

☐ Installment payments are due at the rate of $ _____ per _____

beginning _____ _____
(DATE)

If any of the offenses occurred on or after July 9, 1987, and or for a violation of Chapter 35 or 36 of Title 2C.

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.)

____ 1st Degree @ $3000      ____ 4th Degree @ $750
____ 2nd Degree @ $2000      ____ Disorderly Persons or Petty
____ 3rd Degree @ $1000      ____ Disorderly Persons @ $500

Total D.E.D.R. Penalty $ _____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A mandatory driver's license suspension of _____ months is ORDERED.

The suspension shall begin today, _____ and end _____

Driver's License Number _____
(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address _____

Eye Color _____ Sex _____ Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's license # _____

☐ Your non-resident driving privileges are hereby revoked for _____ Months.

3) A forensic laboratory fee of $50 per offense is ORDERED.    ____ Offense @ $50

Total LAB FEE $ _____

4) Name of Drugs Involved _____

| NAME (Court Clerk or Person who prepares this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| Mary Ellen Smith | 201 646-3580 | Robert Hollis, Esq. |

## STATEMENT OF REASONS

THE COURT FINDS THAT THE DEFENDANT HAS BEEN BURDENED WITH PROBATION LONG ENOUGH GIVEN THE NATURE OF THE ORIGINAL OFFENSE, AND THAT FURTHER PROBATION WOULD BE FRUITLESS AND FRUSTRATING FOR BOTH THE DEFENDANT AND PROBATION DEPARTMENT.

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| HON. ANDREW P. NAPOLITANO, J.S.C. | [signature] | 23 Jan. 92 |

Administrative Office of the Courts
State Bureau of Identification

COPIES TO:   CHIEF PROBATION OFFICER, STATE POLICE, AOC CRIMINAL PRACTICE DIVISION, DEPT OF CORRECTIONS or COUNTY PENAL INSTITUTION

DEFT. NAME _Charles Coubishley_    PLEA FORM

_____ County _Berger_

_____ before JUDGE _____

**1.  List the charges to which you are pleading guilty:**

| Ind./Acc./Compl.Num. | Count | Nature of Offense and Degree | | STATUTORY MAXIMUM Time | Fine | VCCB Penalty* |
|---|---|---|---|---|---|---|
| S-230-88 | 1 | as amended to | MAX | 18 month | 7,500 | $30.00 |
|  |  | 4th degree | MAX |  |  |  |
|  |  | 2C:17-1 C | MAX |  |  |  |
|  |  |  | MAX |  |  |  |
|  |  |  | MAX |  |  |  |

Your total exposure as a result of this plea is:   TOTAL  18m.  7,500  30.00

PLEASE CIRCLE APPROPRIATE ANSWER

2.  Are you satisfied with the advice you have received from your lawyer?    (YES)  [NO]

3.  Do you understand what the charges mean?    (YES)  [NO]

4.  Do you understand that by pleading guilty you are giving up certain rights?  Among them are:
    a:  The right to a jury trial in which the State must prove your guilt beyond a reasonable doubt?    (YES)  [NO]
    b.  The right to remain silent?    (YES)  [NO]
    c.  The right to confront the witnesses against you?    (YES)  [NO]

5.  Do you understand that if you plead guilty:
    a.  You will have a criminal record?    (YES)  [NO]
    b.  Unless the plea bargain provides otherwise. you could be sentenced to serve the maximum time in confinement, to pay the maximum fine and to pay the maximum VCCB penalty?    (YES)  [NO]
    c.  You must pay a minimum Violent Crimes Compensation penalty of $30 for each count to which you plead guilty?  ($25 if crime occurred before 1/9/86)    (YES)  [NO]

6.  Do you understand that the court could in its discretion impose a minimum time in confinement to be served before you become eligible for parole, which period could be as long as one half of the period of the custodial sentence imposed?    (YES)  [NO]

7.  Did you enter a plea of guilty to any charges that require a mandatory period of parole ineligibility or a mandatory extended term?    [YES]  (NO)

8.  Did you plead guilty to a crime that contains a presumption of imprisonment?    [YES]  (NO)

9.  Are you presently on probation or parole?    [YES]  (NO)
    a.  Do you realize that a guilty plea may result in a violation of your probation or parole?    [YES]  [NO]  (N/A)

10. Are you presently serving a custodial sentence on another charge?    [YES]  (NO)
    a.  Do you understand that a guilty plea may affect your parole eligibility?    [YES]  [NO]  (N/A)

11. List any charges the prosecutor has agreed to recommend for dismissal:

| Ind./Acc./Compl.# | Count | Nature of Offense and Degree |
|---|---|---|
| S-230-88 | 1 | 3d degree arson |
| S-230-88 | 2 | Burglary |
|  |  |  |
|  |  |  |

Defendant's Initials _CC_

*Violent Crimes Compensation Board Penalty

12.  Specify any sentence the Prosecutor has agreed to recommend.

_None_

13.  Has the Prosecutor promised that he or she will NOT:
   a.   Speak at sentencing?                                    [YES]  [NO]  *No*
   b.   Seek an extended term of confinement?                   [YES]  [NO]  *No*
   c.   Seek a stipulation of parole ineligiblity?              [YES]  [NO]

14.  Are you aware that you may be ordered to pay restitution?  [YES]  [NO]

15.  Do you understand that if you are a public office holder or employee,
     you can be required to forfeit your office or job by virtue of
     your plea of guilty?                                       [YES]  [NO]  [N/A]

16.  Do you understand that if you are not a United States citizen or
     national, you may be deported by virtue of your plea of guilty?   [YES]  [NO]  [N/A]

17.  Have you discussed with your attorney the legal doctrine of merger?  [YES]  [NO]  [N/A]

18.  Are you reserving the right to assert merger with respect
     to counts to which you are pleading guilty?                [YES]  [NO]  [N/A]

19.  List any other promises or representations that have been made by
     you, the prosecutor, your defense attorney, or anyone else as a
     a part of this plea of guilty:

20.  Have any promises other than those mentioned on this form, or any
     threats, been made in order to cause you to plead guilty?  [YES]  [NO]

21.  Do you understand that the Judge is not bound by any promises or
     recommendations of the Prosecutor and that if the Judge decides to
     impose a more severe sentence than recommended by the Prosecutor, you
     may take back your plea of guilty and anything said by you in further-
     ance of this plea of guilty cannot be used against you at trial?   [YES]  [NO]

22.  Did you commit the offense(s) to which you are pleading guilty?  [YES]  [NO]

23.  Do you have any questions at all concerning this plea?     [YES]  [NO]

DATE:  11/16/88                          _____
                                                 Defendant

DEFENSE ATTORNEY  _____

PROSECUTING ATTORNEY  _____

EXHIBIT
C-1
NOV 16 1988

Administrative Office of the Courts
CPG114 (14-00) Formerly AR-27

P.O.  2109-91
/lp
11/17/92
SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY - LAW DIVISION
NOVEMBER      TERM A.D. 1992
SECOND        STATED SESSION

THE STATE OF NEW JERSEY      :

      -vs-      :

CHARLES CORBISHLEY a/k/a      :
Charles Corbishley, Jr.
             :

██████████████████      :

      DEFENDANT      :

Indictment No. S-1661-92

The Grand Jurors of the State of New Jersey, for the County of Bergen, upon their oaths present as a

### FIRST COUNT

that CHARLES CORBISHLEY a/k/a Charles Corbishley, Jr. and ████ ████████████████████, on or about September 15, 1991, in the Borough of Fair Lawn, in the County of Bergen aforesaid, and within the jurisdiction of this Court, did knowingly or purposely possess a controlled dangerous substance, or its analog, namely OXYCODONE; contrary to the provision of NJS 2C:35-10a(1), and against the peace of this State, the Government and dignity of the same.

### SECOND COUNT

AND the Grand Jurors aforesaid, upon their oaths aforesaid, do further PRESENT that CHARLES CORBISHLEY a/k/a Charles Corbishley, Jr. and ██████████████████████, on or about September 15, 1991, in the Borough of Fair Lawn, in the

County of Bergen aforesaid, and within the jurisdiction of this
Court, did commit theft by knowingly receiving movable property
of ████████, with a value in excess of $500.00, knowing the
same to be stolen or believing it had probably been stolen;
contrary to the provisions of NJS 2C:20-7, and against the peace
of this State, the Government and dignity of the same.

### THIRD COUNT

AND the Grand Jurors aforesaid, upon their oaths aforesaid,
do further PRESENT that CHARLES CORBISHLEY a/k/a Charles
Corbishley, Jr. and ████████████████████, on
or about September 15, 1991, in the Borough of Fair Lawn, in the
County of Bergen aforesaid, and within the jurisdiction of this
Court, knowingly and unlawfully did possess a certain weapon, to
wit: a pen knife under circumstances not manifestly appropriate
for such lawful uses as it may have; contrary to the provisions
of NJS 2C:39-5(d), and against the peace of this State, the
Government and dignity of the same.

### FOURTH COUNT

AND the Grand Jurors aforesaid, upon their oaths aforesaid,
do further PRESENT that CHARLES CORBISHLEY a/k/a Charles
Corbishley, Jr. and ████████████████████, on
or about September 15, 1991, in the Borough of Fair Lawn, in the
County of Bergen aforesaid, and within the jurisdiction of this
Court, knowingly any unlawfully did possess a certain weapon, to
wit: a billy club, without any explainable lawful purpose;
contrary to the provisions of NJS 2C:39-3(e), and against the
peace of this State, the Government and dignity of the same.

## FIFTH COUNT

AND the Grand Jurors aforesaid, upon their oaths aforesaid, do further PRESENT that CHARLES CORBISHLEY a/k/a Charles Corbishley, Jr. and ███████████████████████, on or about September 15, 1991, in the Borough of Fair Lawn, in the County of Bergen aforesaid, and within the jurisdiction of this Court, knowingly and unlawfully did possess a certain weapon, to wit: a folding knife under circumstances not manifestly appropriate for such lawful uses as it may have; contrary to the provisions of NJS 2C:39-5(d), and against the peace of this State, the Government and dignity of the same.

JOHN J. FAHY
BERGEN COUNTY PROSECUTOR

By:      Assistant Prosecutor

A True Bill

**State of New Jersey**

v.

CHARLES CORBISHLEY
Defendant (Specify Complete Name)

New Jersey Superior Court

_____Bergen_____ County

Law Division – Criminal

☒ **Judgment of Conviction**
☐ **Change of Judgment**
☐ **Order for Commitment**
☐ **Indictment/Accusation Dismissed**
☐ **Judgment of Acquittal**

| | |
|---|---|
| ████████  39099LB | DATE OF BIRTH |
| S.B.I. # | |
| 9/15/91 | DATE OF ARREST |
| 11-17-92 | DATE IND / ACC FILED |
| 12-18-92 | DATE OF ORIGINAL PLEA |
| ☒ NOT GUILTY  ☐ GUILTY | ORIGINAL PLEA |

| ADJUDICATION BY: | DATE |
|---|---|
| ☒ GUILTY PLEA | 4/6/93 |
| ☐ JURY TRIAL | |
| ☐ NON-JURY TRIAL | |
| ☐ Dismissed/Acquitted | |

## ORIGINAL CHARGES

| IND / ACC. No. | Count | Description | Degree | Statute |
|---|---|---|---|---|
| S-1661-92-01 | 1 | Poss. CDS (oxycodone) | 3rd | 2C:35-10A1 |
| | 2 | Rec. Stolen Property | 3rd | 2C:20-7 |
| | 3&5 | Poss. Weapon (Knife) | 4th | 2C:39-50 |
| | 4 | Poss. Weapon (billy Club) | 4th | 2C:39-3E |

## FINAL CHARGES

| Count | Description | Degree | Statute |
|---|---|---|---|
| 2 | Receiving Stolen Property | 3rd | 2C:20-7 |

It is, therefore, on _____JUNE 18, 1993_____ ORDERED and ADJUDGED that the defendant is sentenced as follows:

Ct. 2: Placed on probation for a period of five (5) years.
  Cond. of Probation: Serve 364 days in the Bergen County Jail. This jail
                      sentence is to commence on JUNE 25, 1993.
  Upon Release: Obtain psychiatric treatment.
                Obtain drug counseling.
                Routine drug testing.
                Remain gainfully employed.
This sentence is to run concurrent with the sentence imposed on
indictment S-1819-92-02.


  Dismissed Cts. 1,3,4,5 and Complaint S421770 on States Motion.

☒ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

☒ Defendant is to receive credit for time spent in custody (R. 3:21-8).

| | TOTAL NO DAYS | DATES (From / To) |
|---|---|---|
| | 2 | 9/15/91–9/16/91 |

☐ Defendant is to receive gap time credit for time spent in custody [N.J.S.A. 2C:44-5b(2)].

| | TOTAL NO DAYS | DATES (From / To) |
|---|---|---|

Total Custodial Term _364 days_ Institution __BCJ__     Total Probation Term _5 years_     **OVER**

State of New Jersey v. _Charles Corbishley_ SBI # _390991B_

| | |
|---|---|
| Total FINE $ _____ | |

Total RESTITUTION $ _____

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

[X] Assessment imposed on
count(s) __2_____

is $ __30.00__ each.

Total VCCB Assessment $ __30.00_____

[ ] Installment payments are due at the rate
of $ _____ per _____

beginning _____
                            (DATE)

If the offense occurred on or after February 1, 1993 and the sentence is to probation or to a State Correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 169)

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C:

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.)
___ 1st Degree @ $3000    ___ 4th Degree @ $750
___ 2nd Degree @ $2000    ___ Disorderly Persons or Petty
___ 3rd Degree @ $1000    ___ Disorderly Persons @ $500
                          Total D.E.D.R. Penalty $ _____

[ ] Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED ___ Offenses @ $50.
                          Total LAB FEE $ _____

3) Name of Drugs involved _____

4) A mandatory driver's license suspension of _____ months is ORDERED
The suspension shall begin today, _____ and end _____
Driver's License Number _____
(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)
Defendant's Address _____
Eye Color _____ Sex _____ Date of Birth _____

[ ] The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's license # _____

[ ] Your non-resident driving privileges are hereby revoked for _____ Months.

| NAME (Court Clerk or Person who prepares this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| RICHARD SCIOLARO, COURT CLERK | 646-3766 | Robert Hollis, Esq. |

## STATEMENT OF REASONS

Aggravating Factors: 3, 6, 9 & 11. One
Def. has several prior records consisting of 5 arrests and 3 convictions. One
conviction has been pending appeal since 3/27/93.
Risk that def. will commit another offense.
Need to deter def. and others from committing the same offense in future.
Imposition of a fine, penalty or restitution without also imposing a term
of imprisonment would be perceived by the def. or others merely as a cost
of doing business or as an acceptable contingent business or operating expense
associated with the initial decision to resort to unlawful practices.

Mitigating Factor:
Def's youth, might in part, have been a factor iN his use of poor judgement.

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| ARTHUR MINUSKIN, J.S.C. | _[signature]_ | 6/24/93 |

CP6168 (Rev 1-93) Replaces LR-31 & LR-35
CDR 4 (Rev 1/93)

Administrative Office of the Courts
State Bureau of Identification
COPIES TO:   CHIEF PROBATION OFFICER, STATE POLICE, AOC CRIMINAL PRACTICE DIVISION, DEPT OF CORRECTIONS or COUNTY PENAL INSTITUTION

VIOLATION OF PROBATION

| State of New Jersey | New Jersey Superior Court |
| --- | --- |
| **v.** | **Law Division - Criminal** |

**CHARLES CORBISHLEY**

DEFENDANT:
(Specify Complete Name)

DAT

☒ JUDGMENT OF CONVICTION
☐ CHANGE OF JUDGMENT
☐ ORDER FOR COMMITMENT
☐ INDICTMENT / ACCUSATION DISMISSED
☐ JUDGMENT OF ACQUITTAL

SBI NUMBER  3900991B

DATE OF ARREST  7/16/92

DATE INDICTMENT/ ACCUSATION FILED  12/15/92

DATE OF ORIGINAL PLEA  1/8/93

ORIGINAL PLEA  ☒ NG : GUILTY  ☐ GUILTY

ADJUDICATION BY  ☒ GUILTY PLEA  DATE:  ☐ NON-JURY TRIAL  DATE:
☐ JURY TRIAL  DATE:  ☐ Dismissed / Acquitted  DATE:

**ORIGINAL CHARGES**

| IND / ACC NO. | COUNT | DESCRIPTION | DEGREE | STATUTE |
| --- | --- | --- | --- | --- |
| S 1661-92-01 | | Violation of Probation | | |
| | Ct. 1 | Burglary | 2C:18-2 | |
| | Ct. 2 | Theft | 2C:20-3 | |

**FINAL CHARGES**

| COUNT | DESCRIPTION | DEGREE | STATUTE |
| --- | --- | --- | --- |
| Ct. 1 | Burglary | | |

*Dolores Enright C.C.*

It is, therefore, on ___11/8/96___ ORDERED and ADJUDGED that the defendant is sentenced as follows:

The Defendant is sentenced to the custody of the Commissioner of Corrections for a period of four years on Ct. 1, to run concurrent to sentence imposed for Indictment No. S1393-95-01, Ct. 1, S1819-92 96-01-13-1, .

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| | TOTAL NUMBER OF DAYS | DATE (From/To) |
| --- | --- | --- |
| ☐ Defendant is to receive credit for time spent in custody (R. 3:21-8). | | |
| ☐ Defendant is to receive gap time credit for time spent in custody. (N.J.S.A. 2C:44-5b(2)). | | |

Total Custodial Term __4 years__ Institution __C.C.D.C.__ Total Probation Term_____

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER   STATE POLICE   AOC CRIMINAL PRACTICE DIVISION   DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CPO105 (6/93)

OVER

VIOLATION OF PROBATION

State of New Jersey v. __CHARLES CORBISHLEY__          S.B.I. # _____   PID / ACC # _S 1661-92-01_

| | |
|---|---|
| Total FINE  $ _____ | If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C. |
| Total RESTITUTION  $ _____ | 1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.) |

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

☐ Assessment imposed on

count(s) _____

is $ _____ each.

Total VCCB Assessment  $ _____

☐ Installment payments are due at the rate of

$ _____ per _____

beginning _____ (DATE)

___ 1st Degree   @ $3000     ___ 4th Degree   @ $750
___ 2nd Degree   @ $2000     ___ Disorderly Persons or Petty
___ 3rd Degree   @ $1000     ___ Disorderly Persons   @ $500

Total D.E.D.R. Penalty  $ _____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED. _____ Offenses @ $50.

Total Lab Fee  $ _____

3) Name of Drugs Involved _____

4) A mandatory driver's license suspension of _____ months is ORDERED.

The suspension shall begin today, _____ and end _____

Driver's License Number _____

(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address _____

Eye Color _____ Sex _____ Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for _____ Months.

If the offense occurred on or after February 1, 1993 and the sentence is to probation or to a State Correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 169)

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. (P.L. 1993, c. 220)

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month _____

| NAME (Court Clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| DOLORES ENRIGHT | 646 3580 | M. FEINSTEIN |

**STATEMENT OF REASONS**

AGGRAVATING FACTORS:

Risk that defendant will commit another offense.
Prior record and seriousness of prior offenses.
Need to deter defendant and others.
Imposition of a fine, penalty or order for restitution without also imposing a term of imprisonment would be perceived by the defendant or others merely as part of the cost of doing business, or as an acceptable contingent business of operating expense associated with the initial decision to resort to unlawful practices.

MITIGATING FACTORS:

Defendant's youth, might in part, have been a factor in his use of poor judgment.

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| Elijah L. Miller, J.S.C. | [signature] | 11/18/96 |

Administrative Office of the Courts
State Bureau of Identification
COPIES TO:  CHIEF PROBATION OFFICER     STATE POLICE     AOC CRIMINAL PRACTICE DIVISION     DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CP0186 (8/94)

AMENDED
VIOLATION OF PROBATION

| State of New Jersey | New Jersey Superior Court |
| --- | --- |
| v. | Law Division - Criminal |

CHARLES CORBISHLEY

**DEFENDANT:**
(Specify Complete Name)

| DATE | | SBI NUMBER 3900991B |
| --- | --- | --- |
| DATE OF ARREST 7/16/92 | DATE INDICTMENT/ ACCUSATION FILED 12/15/92 | |
| DATE OF ORIGINAL PLEA 1/8/93 | ORIGINAL PLEA ☒ NOT GUILTY ☐ GUILTY | |

☒ JUDGMENT OF CONVICTION
☐ CHANGE OF JUDGMENT
☐ ORDER FOR COMMITMENT
☐ INDICTMENT / ACCUSATION DISMISSED
☐ JUDGMENT OF ACQUITTAL

**ADJUDICATION BY**
☒ GUILTY PLEA    DATE:
☐ JURY TRIAL     DATE:
☐ NON-JURY TRIAL    DATE:
☐ Dismissed/Acquitted    DATE:

## ORIGINAL CHARGES

| IND / ACC NO. | COUNT | DESCRIPTION | DEGREE | STATUTE |
| --- | --- | --- | --- | --- |
| S 1661-92-01 | | Violation of Probation | | |
| 2109-91 | Ct. 1 | Burglary | 2C:18-2 | |
| | Ct. 2 | Theft | 2C:20-3 | |

## FINAL CHARGES

| COUNT | DESCRIPTION | DEGREE | STATUTE |
| --- | --- | --- | --- |
| Ct. 1 | Burglary | *Dolores Enright CC* | |

It is, therefore, on ___7/1/98___ ORDERED and ADJUDGED that the defendant is sentenced as follows:

The Defendant is sentenced to the custody of the Commissioner of Corrections for a period of four years on Ct. 1, to run concurrent to sentence imposed for Indictment No. S1393-95-01, Ct. 1, S-1819-93 96-01-13-1, .

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| | TOTAL NUMBER OF DAYS | DATE (From/To) |
| --- | --- | --- |
| ☐ Defendant is to receive credit for time spent in custody (R. 3:21-8). | | DATE (From/To) |
| ☐ Defendant is to receive gap time credit for time spent in custody. (N.J.S.A. 2C:44-5b(2)). | TOTAL NUMBER OF DAYS | DATE (From/To) |

Total Custodial Term_____ Institution_____ Total Probation Term_____



## VIOLATION OF PROBATION

State of New Jersey v. ___ CHARLES CORBISHLEY ___ S.B.I. # _____ IND / ACC # S 1661-92-01

| | |
|---|---|
| Total FINE $_____ | If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C. |
| Total RESTITUTION $_____ | 1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.) |
| If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.) | ___1st Degree  @ $3000     ___4th Degree    @ $750<br>___2nd Degree  @ $2000     ___Disorderly Persons or Petty<br>___3rd Degree  @ $1000     ___Disorderly Persons  @ $500 |
| | Total D.E.D.R. Penalty $_____ |
| ☐ Assessment imposed on | ☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon<br>defendant's entry into a residential drug program for the term of the program. |
| count(s)_____ | 2) A forensic laboratory fee of $50 per offense is ORDERED. ____Offenses @ $50. |
| is $_____each. | Total Lab Fee $_____ |
| Total VCCB Assessment $_____ | 3) Name of Drugs involved _____ |
| | 4) A mandatory driver's license suspension of____months is ORDERED. |
| ☐ Installment payments are due at the rate of | The suspension shall begin today.____and end____ |
| $_____per_____ | Driver's License Number _____ |
| beginning _____(DATE) | (IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.) |
| | Defendant's Address _____ |
| | Eye Color _____ Sex _____ Date of Birth _____ |
| | ☐ The defendant is the holder of an out-of-state driver's license from the following<br>jurisdiction _____ Driver's License Number _____ |
| | ☐ Defendant's non-resident driving privileges are hereby revoked for____Months. |

If the offense occurred on or after February 1, 1993 and the sentence is to probation or to a State Correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 169)

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. (P.L. 1993, c. 220)

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month _____

| NAME (Court Clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| DOLORES ENRIGHT | 646 3580 | M. FEINSTEIN |

**STATEMENT OF REASONS**

AGGRAVATING FACTORS:

Risk that defendant will commit another offense.
Prior record and seriousness of prior offenses.
Need to deter defendant and others.
Imposition of a fine, penalty or order for restitution without also imposing a term of improsnment would be perceived by the defendant or others merely as part of the cost of doing business, or as an acceptable contingent business of operating expense associated with the initial decision to resort to unlawful practices.

MITIGATING FACTORS:

Defendant's youth, might in part, have been a factor in his use of poor judgment.

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| Elijah L. Miller, J.S.C. | _(signature)_ | 9/1/98 |

Administrative Office of the Courts CPO168 (8/94)
COPIES ON: CHIEF PROBATION OFFICER      STATE POLICE      AOC CRIMINAL PRACTICE DIVISION      DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

P.O.  1610-92
/lp
12/15/92
SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY - LAW DIVISION
NOVEMBER       TERM A.D. 1992
SECOND         STATED SESSION

THE STATE OF NEW JERSEY    :

    -vs-                   :

████████████               :        Indictment No.

CHARLES CORBISHLEY         :        S-1819-92

    DEFENDANT              :

The Grand Jurors of the State of New Jersey, for the County of Bergen, upon their oaths present as a

### FIRST COUNT

that ████████ and CHARLES CORBISHLEY, on or about July 12, 1992, in the Township of Teaneck, in the County of Bergen aforesaid, and within the jurisdiction of this Court, did unlawfully enter the structure of ████████████████ ████████████████, with the purpose to commit an offense therein; contrary to the provisions of NJS 2C:18-2, and against the peace of this State, the Government and dignity of the same.

### SECOND COUNT

AND the Grand Jurors aforesaid, upon their oaths aforesaid, do further PRESENT that ████████ and CHARLES CORBISHLEY, on or about July 12, 1992, in the Township of Teaneck, in the County of Bergen aforesaid, and within the jurisdiction of this Court,

did unlawfully take or exercise unlawful control over movable property of, or in the custody and control of ███████████ ███████, with a value in excess of $500.00 with purpose to deprive the owner thereof; contrary to the provisions of NJS 2C:20-3, and against the peace of this State, the Government and dignity of the same.

### THIRD COUNT

AND the Grand Jurors aforesaid, upon their oaths aforesaid, do further PRESENT that ███████████, on or about July 12, 1992, in the Township of Teaneck, in the County of Bergen aforesaid, and within the jurisdiction of this Court, did purposely prevent a law enforcement officer, to wit: ███████████████ of the Bergen County Police Department from effecting a lawful arrest by using or threatening to use physical force or violence against ███████████████, or by using any other means to create a substantial risk of causing physical injury to ███████████ █████ or another; contrary to the provisions of NJS 2C:29-2(a), and against the peace of this State, the Government and dignity of the same.

JOHN J. FAHY
BERGEN COUNTY PROSECUTOR

By: _____
        Assistant Prosecutor

A True Bill

**State of New Jersey**

v.

Charles Corbishley
Defendant (Specify Complete Name)

390991B    S.B.I. #
7/16/92    DATE OF ARREST
12/15/92    DATE IND / ACC FILED
1/8/93    DATE OF ORIGINAL PLEA
☒ NOT GUILTY ☐ GUILTY    ORIGINAL PLEA

DATE OF BIRTH

**New Jersey Superior Court**

Bergen     County

Law Division – Criminal

☒ **Judgment of Conviction**
☐ **Change of Judgment**
☐ **Order for Commitment**
☐ **Indictment/Accusation Dismissed**
☐ **Judgment of Acquittal**

| ADJUDICATION BY: | DATE |
| --- | --- |
| ☒ GUILTY PLEA | 4/6/93 |
| ☐ JURY TRIAL | |
| ☐ NON-JURY TRIAL | |
| ☐ Dismissed/Acquitted | |

## ORIGINAL CHARGES

| IND / ACC. No. | Count | Description | Degree | Statute |
| --- | --- | --- | --- | --- |
| S-1819-92-02 | 1 | Burglary | 3rd | 2C:18-2 |
| | 2 | Theft | 3rd | 2C:20-3 |
| | 3 | Not Applicable | | |

## FINAL CHARGES

| Count | Description | Degree | Statute |
| --- | --- | --- | --- |
| 1 | Burglary | 3rd | 2C:18-2 |

It is, therefore, on   JUNE 18,1993   **ORDERED** and **ADJUDGED** that the defendant is sentenced as follows:

```
Ct. 1:  Placed on probation for a period of five (5) years.
        Cond. of Probation: Serve 364 days in the Bergen County Jail. This jail
                            term is to commence on JUNE 25,1993.
        Upon Release:  Obtain psychiatric treatment.
                       Obtain drug counseling.
                       Routine drug testing.
                       Remain gainfully employed.

This sentence is to run concurrent with the sentence imposed on
indictment S-1661-92-01.



        Dismissed Ct. 2 on States Motion.
```

☐ It is further **ORDERED** that the sheriff deliver the defendant to the appropriate correctional authority.

☐ Defendant is to receive credit for time spent in custody (R. 3:21-8).    0   TOTAL NO. DAYS    DATES (From / To)

    DATES (From / To)

☐ Defendant is to receive gap time credit for time spent in custody [N.J.S.A. 2C:44-5b(2)].    TOTAL NO. DAYS    DATES (From / To)

Total Custodial Term   364 days   Institution   BCJ     Total Probation Term   5 years

*OVER*

Administrative Office of the Courts
State Bureau of Identification

CP8108 (Rev 1/93) Replaces CN 24 & LR-25
CDR 4 (Rev 1/93)

State of New Jersey v _Charles Corbishley_ SBI # _390991B_   IND ACC # _S-1819-92-02_

Total FINE   $ _____

Total RESTITUTION   $ _____

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

[X] Assessment imposed on

count(s) _1_

is $ _50.00_ each.

Total VCCB Assessment $ _50.00_

[ ] Installment payments are due at the rate

of $ _____ per _____

beginning _____
                    (DATE)

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C.

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.)

____ 1st Degree @ $3000    ____ 4th Degree @ $750
____ 2nd Degree @ $2000    ____ Disorderly Persons or Petty
____ 3rd Degree @ $1000    ____ Disorderly Persons @ $500
                    Total D.E.D.R. Penalty$ _____

[ ] Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED ____ Offenses @ $50.
                    Total LAB FEE   $ _____

3) Name of Drugs Involved _____

4) A mandatory driver's license suspension of _____ months is ORDERED.

The suspension shall begin today _____ and end _____

Driver's License Number _____

(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)
Defendant's Address _____
Eye Color _____ Sex _____ Date of Birth _____

[ ] The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's license # _____

[ ] Your non-resident driving privileges are hereby revoked for _____ Months.

If the offense occurred on or after February 1, 1983 and the sentence is to probation or to a State Correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 169)

| NAME (Court Clerk or Person who prepares this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| RICHARD SCIOLARO, COURT CLERK | 646-3766 | Robert Hollis, Esq. |

## STATEMENT OF REASONS

The aggravating and mitigating factors are the same as those imposed on indictment S-1661-92-01.

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| ARTHUR MINUSKIN, J.S.C. | | 6/24/93 |

Administrative Office of the Courts
State Bureau of Identification

CP0100 (Rev 1-93) Replaces LR-34 & LR-35
CDR 4 (Rev 1-93)

COPIES TO:   CHIEF PROBATION OFFICER, STATE POLICE, AOC CRIMINAL PRACTICE DIVISION, DEPT OF CORRECTIONS or COUNTY PENAL INSTITUTION

VIOLATION OF PROBATION

| State of New Jersey | New Jersey Superior Court |
|---|---|
| v. | Law Division - Criminal |

CHARLES CORBISHLEY

DEFENDANT:
(Specify Complete Name)

SBI NUMBER
390991B

DATE OF ARREST
7/16/92

DATE INDICTMENT/
ACCUSATION FILED 12/15/92

DATE OF
ORIGINAL PLEA 1/8/93

ORIGINAL PLEA
☒ NOT GUILTY ☐ GUILTY

☒ JUDGMENT OF CONVICTION
☐ CHANGE OF JUDGMENT
☐ ORDER FOR COMMITMENT
☐ INDICTMENT / ACCUSATION DISMISSED
☐ JUDGMENT OF ACQUITTAL

ADJUDICATION BY
☒ GUILTY PLEA DATE:
☐ JURY TRIAL DATE:
☐ NON-JURY TRIAL DATE:
☐ Dismissed/Acquitted DATE:

## ORIGINAL CHARGES

| IND / ACC NO. | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| S 1819-92-02 | CT. 1 | BURGLARY | 3rd deg. | 2C:18-2 |
| | CT. 2 | THEFT | 3rd deg. | 2C:20-3 |

## FINAL CHARGES

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| CT. 1 | BURGLARY | | |

*Dolores Wright C.C.*

It is, therefore, on 11/8/96 ORDERED and ADJUDGED that the defendant is sentenced as follows:

Defendant is sentenced to the custody of the Commissioner of Corrections
for four years-Ct. 1, concurrent to sentence imposed for Indictment
No. S 1393-95-01, S 0013-96-01 and S 1661-92-01.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

☐ Defendant is to receive credit for time spent in custody (R. 3:21-8).

TOTAL NUMBER OF DAYS

DATE (From/To)

DATE (From/To)

☐ Defendant is to receive gap time credit for time spent in custody.
(N.J.S.A. 2C:44-5b(2)).

TOTAL NUMBER OF DAYS

DATE (From/To)

Total Custodial Term 4 years Institution C.C.D.C. Total Probation Term

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER    STATE POLICE    AOC CRIMINAL PRACTICE DIVISION    DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CPO196 (8/94)



State of New Jersey

Total FINE  $_____

Total RESTITUTION  $_____

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

☐ Assessment imposed on

count(s)_____

is $_____ each.

Total VCCB Assessment  $_____

☐ Installment payments are due at the rate of

$_____ per _____

beginning _____
            (DATE)

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C,

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.)

____1st Degree  @ $3000    ____4th Degree  @ $750
____2nd Degree  @ $2000    ____Disorderly Persons or Petty
____3rd Degree  @ $1000         Disorderly Persons  @ $500

Total D.E.D.R. Penalty  $_____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED. _____ Offenses @ $50.

Total Lab Fee  $_____

3) Name of Drugs Involved _____

4) A mandatory driver's license suspension of _____ months is ORDERED.

The suspension shall begin today, _____ and end _____

Driver's License Number _____

(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address _____

Eye Color _____ Sex _____ Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for _____ Months.

If the offense occurred on or after February 1, 1993 and the sentence is to probation or to a State Correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1993, c. 169)

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. (P.L. 1993, c. 220)

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month $_____

| NAME (Court Clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| DOLORES ENRIGHT | 646 3580 | M. FEINSTEIN |

## STATEMENT OF REASONS

AGGRAVATING FACTORS:

Defendant has several prior records consisting of 5 arrest and 3 convictions.  One conviction has been pending appeal since 3/27/93. Risk that defendant will commit another offense.
Need to deter defendant and others from committing the same offense in future.
Imposition of a fine, penalty or restitution without also imposing a term of imprisonment would be perceived by the defendant or others merely as a cost of doing business or as an acceptable contingent business or operating expense associated with the initial decision to resort to unlawful practices.
MITIGATING FACTORS:
Defendant's youth, might in part, have been a factor in his use of poor judgment.

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| Elijah L. Miller, J.S.C. | [signature] | 11/17/96 |

VIOLATION OF PROBATION

| State of New Jersey | New Jersey Superior Court |
|---|---|
| v. | Law Division - Criminal |

**DEFENDANT:** (Specify Complete Name) CHARLES CORBISHLEY

- ☒ JUDGMENT OF CONVICTION
- ☐ CHANGE OF JUDGMENT
- ☐ ORDER FOR COMMITMENT
- ☐ INDICTMENT / ACCUSATION DISMISSED
- ☐ JUDGMENT OF ACQUITTAL

**DATE OF BIRTH** ▓▓▓▓

**SBI NUMBER** 390991B

**DATE OF ARREST** 7/16/92

**DATE INDICTMENT/ACCUSATION FILED** 12/15/92

**DATE OF ORIGINAL PLEA** 1/8/93

**ORIGINAL PLEA** ☒ NOT GUILTY ☐ GUILTY

**ADJUDICATION BY**
- ☒ GUILTY PLEA    DATE:
- ☐ JURY TRIAL    DATE:
- ☐ NON-JURY TRIAL    DATE:
- ☐ Dismissed/Acquitted    DATE:

## ORIGINAL CHARGES

| IND / ACC NO. | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| S 1819-92-02 | CT. 1 | BURGLARY | 3rd deg. | 2C:18-2 |
| | CT. 2 | THEFT | 3rd deg. | 2C:20-3 |

## FINAL CHARGES

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| CT. 1 | BURGLARY | | |

It is, therefore, on 7/1/98 ORDERED and ADJUDGED that the defendant is sentenced as follows:

Defendant is sentenced to the custody of the Commissioner of Corrections for four years-Ct. 1, concurrent to sentence imposed for Indictment No. S 1393-95-01, S 0013-96-01 and S 1661-92-01.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| | | TOTAL NUMBER OF DAYS | DATE (From/To) |
|---|---|---|---|
| ☐ | Defendant is to receive credit for time spent in custody (R. 3:21-8). | | DATE (From/To) |
| ☐ | Defendant is to receive gap time credit for time spent in custody. (N.J.S.A. 2C:44-5b(2)). | TOTAL NUMBER OF DAYS | DATE (From/To) |

Total Custodial Term_____ Institution_____ Total Probation Term_____

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER    STATE POLICE    AOC CRIMINAL PRACTICE DIVISION    DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CPO106 (8/94)



Total FINE $ _____

Total RESTITUTION $ _____

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1985 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

☐ Assessment imposed on

count(s) _____

is $ _____ each.

Total VCCB Assessment $ _____

☐ Installment payments are due at the rate of

$ _____ per _____

beginning _____
        (DATE)

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C,

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.)

____ 1st Degree @ $3000      ____ 4th Degree @ $750
____ 2nd Degree @ $2000      ____ Disorderly Persons or Petty
____ 3rd Degree @ $1000      Disorderly Persons @ $500

Total D.E.D.R. Penalty $ _____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon

defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED. ____ Offenses @ $50.

Total Lab Fee $ _____

3) Name of Drugs involved _____

4) A mandatory driver's license suspension of ____ months is ORDERED.

The suspension shall begin today, ____ and end ____

Driver's License Number _____

(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address _____

Eye Color ____ Sex ____ Date of Birth ____

☐ The defendant is the holder of an out-of-state driver's license from the following

jurisdiction ____ Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for ____ Months.

If the offense occurred on or after February 1, 1993 and the sentence is to probation or to a State Correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 169)

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. (P.L. 1993, c. 220)

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month _____

| NAME (Court Clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| DOLORES ENRIGHT | 646 3580 | M. FEINSTEIN |

**STATEMENT OF REASONS**

AGGRAVATING FACTORS:

Defendant has several prior records consisting of 5 arrest and 3 convictions.  One conviction has been pending appeal since 3/27/93. Risk that defendant will commit another offense.
Need to deter defendant and others from committing the same offense in future.
Imposition of a fine, penalty or restitution without also imposing a term of imprisonment would be perceived by the defendant or others merely as a cost of doing business or as an acceptable contingent business or operating expense associated with the initial decision to resort to unlawful practices.
MITIGATING FACTORS:
Defendant's youth, might in part, have been a factor in his use of poor judgment.

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| Elijah L. Miller, J.S.C. | | 9/1/98 |

AMENDED       VIOLATION OF PROBATION

| State of New Jersey | New Jersey Superior Court<br>Law Division - Criminal |
|---|---|

v.

**DEFENDANT:**
(Legibly Complete Name)

CHARLES CORBISHLEY

| | |
|---|---|
| DATE OF BIRTH: | |
| SBI NUMBER<br>390991B | |
| DATE OF ARREST<br>7/16/92 | DATE INDICTMENT/<br>ACCUSATION FILED 12/15/92 |
| DATE OF<br>ORIGINAL PLEA 1/8/93 | ORIGINAL PLEA<br>☒ NOT GUILTY   ☐ GUILTY |

☒ JUDGMENT OF CONVICTION
☐ CHANGE OF JUDGMENT
☐ ORDER FOR COMMITMENT
☐ INDICTMENT / ACCUSATION DISMISSED
☐ JUDGMENT OF ACQUITTAL

**ADJUDICATION BY**

☒ GUILTY PLEA   DATE:         ☐ NON-JURY TRIAL   DATE:
☐ JURY TRIAL    DATE:         ☐ Dismissed/Acquitted   DATE:

**ORIGINAL CHARGES**

| IND / ACC NO. | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| S 1819-92-02 | CT. 1 | BURGLARY | 3rd deg. | 2C:18-2 |
| | CT. 2 | THEFT | 3rd deg. | 2C:20-3 |

**FINAL CHARGES**

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| CT. 1 | BURGLARY | | |

It is, therefore, on ___03/04/99___ ORDERED and ADJUDGED that the defendant is sentenced as follows:

Defendant is sentenced to the custody of the Commissioner of Corrections for four years-Ct. 1, concurrent to sentence imposed for Indictment No. S 1393-95-01, S 0013-96-01 and S 1661-92-01.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| | | TOTAL NUMBER<br>OF DAYS | DATE (From/To) |
|---|---|---|---|
| ☐ | Defendant is to receive credit for time spent in custody (R. 3:21-8). | | DATE (From/To) |
| ☐ | Defendant is to receive gap time credit for time spent in custody.<br>(N.J.S.A. 2C:44-5b(2)). | TOTAL NUMBER<br>OF DAYS | DATE (From/To) |

Total Custodial Term  4 years  Institution  C.C.D.C.      Total Probation Term_____

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER    STATE POLICE    AOC CRIMINAL PRACTICE DIVISION    DEPT OF CORRECTIONS OR _____ INSTITUTION

OVER

State of New Jersey v. _____ CHARLES CORBISHLEY _____ S.B.I. # _____ IND / ACC # S _____ 1995 D 99 01

| Total FINE $ _____ |
| Total RESTITUTION $ _____ |

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

☐ Assessment imposed on

count(s) _____

is $ _____ each.

Total VCCB Assessment $ _____

☐ Installment payments are due at the rate of

$ _____ per _____

beginning _____
(DATE)

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C.

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.)

___ 1st Degree @ $3000 ___ 4th Degree @ $750
___ 2nd Degree @ $2000 ___ Disorderly Persons or Petty
___ 3rd Degree @ $1000 ___ Disorderly Persons @ $500

Total D.E.D.R. Penalty $ _____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon

defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED. ___ Offense @ $50.

Total Lab Fee $ _____

3) Name of Drugs Involved _____

4) A mandatory driver's license suspension of ___ months is ORDERED.

The suspension shall begin today, _____ and end _____

Driver's License Number _____

(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address _____

Eye Color _____ Sex _____ Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following

jurisdiction _____ Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for ___ Months.

If the offense occurred on or after February 1, 1993 and the sentence is to probation or to a State Correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 189)

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. (P.L. 1993, c. 220)

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month _____

| NAME (Court Clerk or Person preparing this form) DOLORES ENRIGHT | TELEPHONE NUMBER 646 3580 | NAME (Attorney for Defendant at Sentencing) M. FEINSTEIN |

**STATEMENT OF REASONS**

AGGRAVATING FACTORS:

Defendant has several prior records consisting of 5 arrest and 3 convictions. One conviction has been pending appeal since 3/27/93.
Risk that defendant will commit another offense.
Need to deter defendant and others from committing the same offense in future.
Imposition of a fine, penalty or restitution without also imposing a term of imprisonment would be perceived by the defendant or others merely as a cost of doing business or as an acceptable contingent business or operating expense associated with the initial decision to resort to unlawful practices.

MITIGATING FACTORS:

Defendant's youth, might in part, have been a factor in his use of poor judgment.

| JUDGE (Name) Elijah L. Miller, J.S.C. | JUDGE (Signature) | DATE 03/04/99 |

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER    STATE POLICE    AOC CRIMINAL PRACTICE DIVISION    DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CPO186 (6/94)

| | |
|---|---|
| **State of New Jersey** | **New Jersey Superior Court**<br>**Law Division - Criminal** |
| v. | |
| **DEFENDANT** (Specify Complete Name): CHARLES CORRISHLEY | ☒ JUDGMENT OF CONVICTION |
| | ☐ CHANGE OF JUDGMENT |
| **DATE OF BIRTH** ▮▮▮   **SBI NUMBER** 390991B | ☐ ORDER FOR COMMITMENT |
| **DATE OF ARREST** 7/16/92   **DATE INDICTMENT/ ACCUSATION FILED** 12/15/92 | ☐ INDICTMENT / ACCUSATION DISMISSED |
| **DATE OF ORIGINAL PLEA** 1/8/93   **ORIGINAL PLEA** ☒ NOT GUILTY ☐ GUILTY | ☐ JUDGMENT OF ACQUITTAL |

**ADJUDICATION BY**

☒ GUILTY PLEA   DATE:    ☐ NON-JURY TRIAL   DATE:

☐ JURY TRIAL   DATE:    ☐ Dismissed/Acquitted   DATE:

## ORIGINAL CHARGES

| IND / ACC NO | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| S-1819-92-02 | 1 | BURGLARY | 3RD | 2C:18-2 |
| | 2 | THEFT | 3RD | 2C:20-3 |

## FINAL CHARGES

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| 1 | BURGLARY | 3RD | 2C:18-2 |

It is, therefore, on   4/7/00   ORDERED and ADJUDGED that the defendant is sentenced as follows:

VOP   PROBATION IS HEREBY TERMINATED MONIES TO BE TURNED OVER TO APPROPRIATE UNIT, DEFENDANT IS SENTENCED TO 100 DAYS IN BERGEN COUNTY JAIL WITH TIME SERVED.

☐ You are hereby sentenced to community supervision for life.

☐ The court finds that your conduct was characterized by a pattern of repetitive and compulsive behavior.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| | TOTAL NUMBER OF DAYS | DATE (From/To) |
|---|---|---|
| ☐ Defendant is to receive credit for time spent in custody (R. 3:21-8). | | DATE (From/To) |
| ☐ Defendant is to receive gap time credit for time spent in custody (N.J.S.A. 2C:44-5b(2)). | TOTAL NUMBER OF DAYS | DATE (From/To) |

Total Custodial Term _____   Institution _____   Total Probation Term _____

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER   STATE POLICE   AOC CRIMINAL PRACTICE DIVISION   DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CPO106 (rev. 1/97)

State of New Jersey v. _CHARLES CORBISHLEY_    S.B.I. # 390991B    IND / ACC # S-1819-92-02

| | |
|---|---|
| Total FINE   $ _____ | |
| Total RESTITUTION   $ _____ | |

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1996 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

☐ Assessment imposed on

counts) _____

is $ _____ each.

Total VCCB Assessment   $ _____

☐ Installment payments are due at the rate of

$ _____ per _____

beginning _____
        (DATE)

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C.

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times fee each.)

| | | | |
|---|---|---|---|
| ___ 1st Degree  @ $3000 | ___ 4th Degree @ $750 | | |
| ___ 2nd Degree  @ $2000 | ___ Disorderly Persons or Petty | | |
| ___ 3rd Degree  @ $1000 | ___ Disorderly Persons @ $500 | | |

Total D.E.D.R. Penalty   $ _____

☐ Court further ORDERS that collection of the O.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED. _____ Offenses @ $50.

Total Lab Fee   $ _____

3) Name of Drugs involved _____

4) A mandatory driver's license suspension of _____ months is ORDERED.

The suspension shall begin today, _____ and end _____

Driver's License Number _____

IIF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address _____

Eye Color _____  Sex _____  Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for _____ Months.

If the offense occurred on or after February 1, 1993 but was before March 13, 1995 and the sentence is to probation or to a state correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L.1992, c.169). If the offense occurred on or after March 13, 1995 and the sentence is to probation, or the sentence otherwise requires payments of financial obligations to the probation division, a transaction fee of up to $2.00 is ordered for each occasion when a payment is made. (P.L.1995, c.9).

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. P.L.1993, c.220

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L.1993, c.275) Amount per month _____.

If the crime occurred on or after January 9, 1997, a $30 Law Enforcement Officers Training and Equipment Fund penalty is ordered.

| NAME (Court Clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| ELYSE RAMPOLLA-GRIECO | 646-3340 | RAY FLOOD, ESQ. |

**STATEMENT OF REASONS**

VOP

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| EUGENE H. AUSTIN, J.S.C. | Eugene H. Austin | 4/7/00 |

Administrative Office of the Courts
State Bureau of Identification
COPIES TO:   CHIEF PROBATION OFFICER      STATE POLICE      AOC CRIMINAL PRACTICE DIVISION      DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CP0106 (rev. 1/97)

P.O.    295-95
/nd
11/13/95
SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY - LAW DIVISION
NOVEMBER      TERM A.D. 1995
SECOND        STATED SESSION

THE STATE OF NEW JERSEY  :

     -vs-          :

                    :

CHARLES CORBISHLEY        :        Indictment No.

                    :        S·1393·95

                    :        95-11-1393-2

   DEFENDANT         :

---

The Grand Jurors of the State of New Jersey, for the County of Bergen, upon their oaths present as a

### FIRST COUNT
#### (First Degree)

that CHARLES CORBISHLEY, on or about February 3, 1995, in the City of Hackensack, in the County of Bergen aforesaid, and within the jurisdiction of this Court, did knowingly or purposely possess a controlled dangerous substance, or its analog, namely, COCAINE, a derivative of coca leaves, in a quantity of five ounces or more, including any adulterants or dilutants, with the intent to distribute the same; contrary to the provisions of NJS 2C:35-5a(1) and NJS 2C:35-5b(1) and against the peace of this State, the Government and dignity of the same.

### SECOND COUNT
#### (Third Degree)

AND the Grand Jurors aforesaid, upon their oaths aforesaid, do further PRESENT that CHARLES CORBISHLEY, on or about February

3, 1995, in the City of Hackensack, in the County of Bergen aforesaid, and within the jurisdiction of this Court, did violate NJS 2C:35-5a by knowingly or purposely possessing a controlled dangerous substance, namely, COCAINE or its analog, with the intent to distribute same, and did so while on school property used for school purposes which is owned by or leased to an elementary or secondary school or school board, or while within 1,000 feet of any school property or school bus, or while on any school bus, specifically, Fairmount School, Fairmount and Grand Avenues; contrary to the provisions of NJS 2C:35-7, and against the peace of this State, the Government and dignity of the same.

### THIRD COUNT
(Third Degree)

AND the Grand Jurors aforesaid, upon their oaths aforesaid, do further PRESENT that CHARLES CORBISHLEY, on or about February 3, 1995, in the City of Hackensack, in the County of Bergen aforesaid, and within the jurisdiction of this Court, did knowingly or purposely possess a controlled dangerous substance, or its analog, namely, COCAINE; contrary to the provisions of NJS 2C:35-10a(1), and against the peace of this State, the Government and dignity of the same.

### FOURTH COUNT
(Fourth Degree)

AND the Grand Jurors aforesaid, upon their oaths aforesaid, do further PRESENT that CHARLES CORBISHLEY, on or about February 3, 1995, in the City of Hackensack, in the County of Bergen aforesaid, and within the jurisdiction of this Court, did possess

a certain weapon, to wit: an imitation firearm under
circumstances that would lead an observer to reasonably believe
that it was possessed for an unlawful purpose; contrary to the
provision NJS 2C:39-4e, and against the peace of this State, the
Government and dignity of the same.

### FIFTH COUNT
(Fourth Degree)

AND the Grand Jurors aforesaid, upon their oaths aforesaid,
do further PRESENT that CHARLES CORBISHLEY, on or about February
3, 1995, in the City of Hackensack, in the County of Bergen
aforesaid, and within the jurisdiction of this Court, did
purposely prevent a law enforcement officer, to wit: ████████
████████████ of the Hackensack Police Department from effecting
a lawful arrest by using or threatening to use physical force or
violence against ████████████████, or by using any other
means to create a substantial risk of causing physical injury to
████████████████ or another; contrary to the provisions
of NJS 2C:29-2a, and against the peace of this State, the
Government and dignity of the same.

### SIXTH COUNT
(Fourth Degree)

AND the Grand Jurors aforesaid, upon their oaths aforesaid,
do further PRESENT that CHARLES CORBISHLEY, on or about February
3, 1995, in the City of Hackensack, in the County of Bergen
aforesaid, and within the jurisdiction of this Court, did take or
obtain a Bell Atlantic IQ credit card in the name of ████████,
and/or AT & T calling card, in the name of ████████, and/or
Discover Credit card, in the name of ████████, and/or

American Express Corporate card, in the name of ███.
███████████████, and/or Macy's and Sears credit cards,
in the name of ████████████ and/or Citibank Visa, in the
name of ███████████, without the cardholder's consent or,
with knowledge that they had been so taken, did receive the
credit cards with intent to use them or to sell them or to
transfer them to a person other than the issuer or the
cardholder; contrary to the provisions of NJS 2C:21-6c, and
against the peace of this State, the Government and dignity of
the same.

CHARLES R. BUCKLEY
DEPUTY ATTORNEY GENERAL-IN CHARGE
ACTING BERGEN COUNTY PROSECUTOR

Robert C. Scrivo
By:          Special Deputy Attorney General
             Acting Assistant Prosecutor

A True Bill

| State of New Jersey | New Jersey Superior Court |
|---|---|
| v. | Law Division - Criminal |

**DEFENDANT** (Specify Complete Name)  CHARLES CORBISHLEY

| DATE OF BIRTH ▆▆▆ | SBI NUMBER 07601 | ☒ JUDGMENT OF CONVICTION |
|---|---|---|
| DATE OF ARREST 2-3-95 | DATE INDICTMENT/ ACCUSATION FILED 11-13-95 | ☐ CHANGE OF JUDGMENT |
| DATE OF ORIGINAL PLEA 1-22-96 | ORIGINAL PLEA ☐ NOT GUILTY ☐ GUILTY | ☐ ORDER FOR COMMITMENT |

☐ INDICTMENT / ACCUSATION DISMISSED

☐ JUDGMENT OF ACQUITTAL

| ADJUDICATION BY | | |
|---|---|---|
| ☒ GUILTY PLEA  DATE 7-8-96 | ☐ NON-JURY TRIAL  DATE: | |
| ☐ JURY TRIAL  DATE | ☐ Dismissed/Acquitted  DATE: | |

**ORIGINAL CHARGES**

| IND / ACC NO | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| S 1393-95-01 ▆▆▆ | | CT. 1 POSS CDS (COCAINE W/INT. DIST. 2C:35-5b(1) | | |
| | | CT. 2 POSS CDS W/INT.DIST.WITHIN 1000 FT. SCHOOL | | |
| | | CT. 3 POSS COCAINE | | |
| | | CT. 4 POSS OF A WEAPON | | |
| | | 5 RESISTING ARREST | | |
| | | CT. 6 CREDIT CARD FRAUD | | |

**FINAL CHARGES**

| COUNT | DESCRIPTION |
|---|---|
| CT. 1 | |

*Relax Cuspi(?) CC*

It is, therefore, on  11-8-96  ORDERED and ADJUDGED that the defendant is sentenced as follows:

CT.1 THE DEFENDANT IS SENTENCED TO THE CUSTODY OF THE COMMISSIONER OF
CORRECTIONS FOR A PERIOD OF TWELVE YEARS WITH A FOUR YEAR PAROLE
INELIGIBILITY CONCURRENT WITH S 99k3096,S1661-92,S1818-93. THE
DEFENDANT MUST PAY A 75 S.S.C.P.

CTS. 2,3,5,6,7 S 625171,W830181,W122255 DISMISSED ON STATE'S MOTION

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| ☒ Defendant is to receive credit for time spent in custody (R. 3:21-8). | TOTAL NUMBER OF DAYS 21 days | DATE (From/To) 2-3-95  2-24-95 |
|---|---|---|
| ☐ Defendant is to receive gap time credit for time spent in custody. (N.J.S.A. 2C:44-5b(2)). | TOTAL NUMBER OF DAYS | DATE (From/To) |

Total Custodial Term  12 yrs  Institution  CUST.COMM.CORR.  Total Probation Term _____

State of New Jersey v. _____ **CHARLES CORBISHLEY** _____ S.B.I. # _____ IND / ACC #. **S 1393-95-01**

Total FINE  $ _____

Total RESTITUTION  $ _____

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

[X] Assessment imposed on

count(s) __1__

is  $ ____50____ each.

Total VCCB Assessment  $ __50__

[ ] Installment payments are due at the rate of

$ _____ por _____

beginning _____ (DATE) _____

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C,

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.)

____ 1st Degree  @ $3000      ____ 4th Degree  @ $750
____ 2nd Degree  @ $2000      ____ Disorderly Persons or Petty
__X__ 3rd Degree  @ $1000      ____ Disorderly Persons  @ $500

Total D.E.D.R. Penalty  $ ____1000__

[ ] Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon

defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED. __X____ Offenses @ $50.

Total Lab Fee  $ ____50__

3) Name of Drugs involved  **COCAINE**

4) A mandatory driver's license suspension of __12__ months is ORDERED.
The suspension shall begin today, __11-8-96__ and end __11-8-97__

Driver's License Number _____

(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address _____

Eye Color _____ Sex _____ Date of Birth _____

[ ] The defendant is the holder of an out-of-state driver's license from the following

jurisdiction _____ Driver's License Number _____

[ ] Defendant's non-resident driving privileges are hereby revoked for _____ Months.

If the offense occurred on or after February 1, 1993 and the sentence is to probation or to a State Correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 169)

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. (P.L. 1993, c. 220)

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month _____

| NAME (Court Clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| DOLORES ENRIGHT | 646 3580 | MILES FEINSTEIN 1135 CLIFTON AV CLIFTON 07011 |

**STATEMENT OF REASONS**

AGGRAVATING FACTORS:

Risk that defendant will commit another offense.
Prior record and seriousness of prior offenses.
Need to deter defendant and others.
Imposition of a fine, penalty or order for restitution without also imposing a term of imprisonment would be perceived by the defendant or others merely as part of the cost of doing business, or as an acceptable contingent business of operating expense associated with the initial decision to resort to unlawful practices.

Mitigating Factors:
Imprisonment would entail excessive hardship to defendant or dependants.
Defendant's youth, might in part, have been a factor in his use of poor judgment.

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| ELIJAH MILLER J.S.C. | *[signature]* | 11-18-96 |

Administrative Office of the Courts
State Bureau of Identification
COPIES TO:  CHIEF PROBATION OFFICER      STATE POLICE      AOC CRIMINAL PRACTICE DIVISION      DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CP0460 (6/94)

| State of New Jersey | New Jersey Superior Court |
| --- | --- |
| **v.** | **Law Division - Criminal** |
| CHARLES CORBISHLEY | |

**DEFENDANT**
(Specify Corporate Name)

☒ JUDGMENT OF CONVICTION

☐ CHANGE OF JUDGMENT

| DATE OF BIRTH | SBI NUMBER |
| --- | --- |
| ▮▮▮▮ | |

☐ ORDER FOR COMMITMENT

| DATE OF ARREST 2/3/95 | DATE INDICTMENT/ ACCUSATION FILED 11/13/95 |
| --- | --- |

☐ INDICTMENT / ACCUSATION DISMISSED

| DATE OF ORIGINAL PLEA 7/8/96 | ORIGINAL PLEA ☐ NOT GUILTY ☒ GUILTY |
| --- | --- |

☐ JUDGMENT OF ACQUITTAL

**ADJUDICATION BY**

| ☒ GUILTY PLEA | DATE 7/8/96 | ☐ NON-JURY TRIAL |
| --- | --- | --- |
| ☐ JURY TRIAL | DATE | ☐ Dismissed/Acquitted |

*I hereby certify the foregoing is a true copy of the original on file in the Essex County Clerk's office* [handwritten signature]

**ORIGINAL CHARGES**

| IND / ACC NO | COUNT | DESCRIPTION | DEGREE | STATUTE |
| --- | --- | --- | --- | --- |
| 95-11-1393-I | CT. 1 | POSS. CDS (COCAINE) W/INTENT TO DIST. | | 2C:35-5a(1) |

CT.2 POSS. CDS W/INTENT TO DIST. W/IN 1,000 FT. OF SCHOOL ZONE
CT3  POSS. OF CDS (COCAINE)
CT.4 POSS. OF A WEAPON.
CT.5 resisting arrest. CT.6 CREDIT CARD FRAUD

**FINAL CHARGES**   RECONSIDERATION OF SENTENCE

| COUNT | DESCRIPTION | DEGREE | STATUTE |
| --- | --- | --- | --- |
| 1. | POSS. CDS W/INTENT OT DIST. | | 2C:35-5a(1) |

It is, therefore, on ___7/1//98___ **ORDERED and ADJUDGED** that the defendant is sentenced as follows:

NEW SENTENCE- 10 YEARS D.O.C WITH A 40 MONTH PAROLE DISQUALIFIER.

☐ You are hereby sentenced to community supervision for life.

☐ The court finds that your conduct was characterized by a pattern of repetitive and compulsive behavior.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| | TOTAL NUMBER OF DAYS | DATE (From/To) |
| --- | --- | --- |
| ☒ Defendant is to receive credit for time spent in custody (R. 3:21-8). | 395 | |
| ☐ Defendant is to receive gap time credit for time spent in custody (N.J.S.A. 2C:44-5b(2)). | | |

OVER

Total Custodial Term _____   Institution _____   Total Probation Term _____

Administrative Office of the Courts
State Bureau of Identification
COPIES TO   CHIEF PROBATION OFFICER   STATE POLICE   AOC CRIMINAL PRACTICE DIVISION   DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CR0108 rev. 1/97

State of New Jersey v. CHARLES CORBISHLEY   S.B.I. # _____   IND / ACC # _____

95-11-1393-I

Total FINE $ _____

Total RESTITUTION $ _____

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

☐ Assessment imposed on

count(s) _____

is $ _____ each.

Total VCCB Assessment $ _____

☐ Installment payments are due at the rate of

$ _____ per _____

beginning _____
                (DATE)

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C.

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.)

☐ 1st Degree @ $3000    ☐ 4th Degree @ $750
☐ 2nd Degree @ $2000    ☐ Disorderly Persons or Petty
☐ 3rd Degree @ $1000    ☐ Disorderly Persons @ $500

Total D.E.D.R. Penalty $ _____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program

2) A forensic laboratory fee of $50 per offense is ORDERED. _____ Offense @ $50.

Total Lab Fee $ _____

3) Name of Drugs involved _____

4) A mandatory driver's license suspension of _____ months is ORDERED.

The suspension shall begin today, _____ and and _____

Driver's License Number _____

IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING:

Defendant's Address _____

Eye Color _____ Sex _____ Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for _____ Months.

If the offense occurred on or after February 1, 1993 but was before March 13, 1995 and the sentence is to probation or to a state correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 160). If the offense occurred on or after March 13, 1995 and the sentence is to probation, or the sentence otherwise requires payment of financial obligations to the probation division, a transaction fee of up to $2.00 is ordered for each occasion when a payment is made. (P.L. 1995, c. 9).

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. P.L. 1993, c. 220

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month $ _____

If the crime occurred on or after January 9, 1997, a $30 Law Enforcement Officers Training and Equipment Fund penalty is ordered.

| NAME (Court Clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| CHAD MALLOY | | NILES FEINSTEIN |

STATEMENT OF REASONS

SEE INDICTMENT S-1819-92-02

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| ELIJAH L. MILLER JR. J.S.C. | | 9/1/98 |

Administrative Office of the Courts
State Bureau of Identification
COPIES TO   CHIEF PROBATION OFFICER   STATE POLICE   AOC CRIMINAL PRACTICE DIVISION   DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CPG105 (rev. 1/97)

AMENDED JOC

| State of New Jersey | New Jersey Superior Court Law Division - Criminal |
|---|---|

v.

CHARLES CORBISHLEY

**DEFENDANT**
(Specify Complete Name)

☒ JUDGMENT OF CONVICTION
☐ CHANGE OF JUDGMENT
☐ ORDER FOR COMMITMENT
☐ INDICTMENT / ACCUSATION DISMISSED
☐ JUDGMENT OF ACQUITTAL

**DATE OF BIRTH**

**SBI NUMBER**

**DATE OF ARREST** 2/3/95

**DATE INDICTMENT/ ACCUSATION FILED** 11/13/95

**DATE OF ORIGINAL PLEA** 7/8/96

**ORIGINAL PLEA** ☐ NOT GUILTY ☒ GUILTY

**ADJUDICATION BY**
☒ GUILTY PLEA DATE 7/8/96
☐ JURY TRIAL DATE
☐ NON-JURY TRIAL

### ORIGINAL CHARGES

| NO/ACC NO | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| 95-11-1393-1 | CT. 1 | POSS. CDS (COCAINE) W/INTENT TO DIST. | | 2C:35-5a(1) |

CT.2 POSS. CDS W/INTENT TO DIST. W/IN 1,000 FT. OF SCHOOL ZONE
CT3 POSS. OF CDS (COCAINE)
CT.4 POSS. OF A WEAPON.
CT.5 resisting arrest. CT.6 CREDIT CARD FRAUD

### FINAL CHARGES RECONSIDERATION OF SENTENCE

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| 1. | POSS. CDS W/INTENT OT DIST. | | 2C:35-5a(1) |

It is therefore on 03/04/99 ORDERED and ADJUDGED that the defendant is sentenced as follows:

NEW SENTENCE- 10 YEARS D.O.C WITH A 40 MONTH PAROLE DISQUALIFIER.

☐ You are hereby sentenced to community supervision for life.

☐ The court finds that your conduct was characterized by a pattern of repetitive and compulsive behavior.

☒ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| | TOTAL NUMBER OF DAYS | DATE From/To |
|---|---|---|
| ☒ Defendant is to receive credit for time spent in custody (R. 2:21-B). | 1,240* | 10/10/95 to 3/4/99 |
| ☐ Defendant is to receive gap time credit for time spent in custody (N.J.S.A. 2C 44-5b(2)). | | |

Total Custodial Term _____ Institution _____ Total Probation Term _____

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER    STATE POLICE    AOC CRIMINAL PRACTICE DIVISION    DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

* Defendant is currently incarsarated and is entitled to any further jail credit from th
day forth. 3/4/99

State of New Jersey v. _____ CHARLES CORBISHLEY _____  S.B.I. # _____   IND / ACC # _____   95CID 17931

| | |
|---|---|
| Total FINE $ _____ | |
| Total RESTITUTION $ _____ | |

If the offense occurred on or after December 22, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the sum below indicates a higher assessment pursuant to N.J.S.A. 2C 43-3.1  (Assessment is $30 if offense is on or after January 9, 1986 but before December 22, 1991, unless a higher penalty is noted.  Assessment is $25 if offense is before January 9, 1986.)

☐ Assessment imposed on

count(s) _____

is $ _____ each.

Total VCCB Assessment $ _____

☐ Installment payments are due at the rate of

$ _____ or

beginning _____
(DATE)

If any of the offense occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C.

11  A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count.  (Write in # times for each.)

| ☐ 1st Degree @ $3000 | ☐ 4th Degree @ $750 |
|---|---|
| ☐ 2nd Degree @ $2000 | ☐ Disorderly Persons @ Petty |
| ☐ 3rd Degree @ $1000 | ☐ Disorderly Persons @ $500 |

Total D.E.D.R. Penalty $ _____

☐ Court further ORDERS that suspension of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2)  A forensic laboratory fee of $50 per offense is ORDERED.  _____ Offenses @ $50.

3)  Name of Drugs involved _____

Total Lab Fee $ _____

4)  A mandatory driver's license suspension of _____ months is ORDERED.

The suspension shall begin today, _____ and end _____

Driver's License Number _____

IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING)

Defendant's Address _____

Eye Color _____ , Sex _____ Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for _____ Months.

If the offense occurred on or after February 1, 1993 but was before March 13, 1995 and the defendant is to probation or to a state correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment of installment payment is made.  (P.L. 1992, c. 189).  If the offense occurred on or after March 13, 1995 and the sentence is to probation or the sentence otherwise requires payments of financial obligations to the probation division, a transaction fee of up to $2.00 is ordered for each occasion when a payment is made  (P.L. 1995, c. ).

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction.  P.L. 1993, c. 220

If the offense occurred on or after January 9, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered.  (P.L. 1993, c. 275)  Amount per month _____

If the crime occurred on or after January 9, 1997 a $20 Law Enforcement Officers Training and Equipment Fund penalty is ordered.

| NAME (Court Clerk or Person entering this item) CHAD MALLOY | TELEPHONE NUMBER | JUDGE (Attorney for Defendant) MILES FEINSTEIN |
|---|---|---|

STATEMENT OF REASONS

SEE INDICTMENT'S #1819#92#02

| JUDGE (Name) ELIJAH L. MILLER JR. J.S.C. | JUDGE (Signature) _____ | DATE 03/04/99 |
|---|---|---|

A photocopy from the Administrative Office of the Courts
State Bureau of Identification
COPIES TO   CHIEF PROBATION OFFICER       STATE POLICE       SBC CRIMINAL PRACTICE DIVISION       DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

P.O.   2388-95
/nd
1\18\96
SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY - LAW DIVISION
NOVEMBER          TERM A.D. 1995
SECOND           STATED SESSION

THE STATE OF NEW JERSEY          :

            -vs-                 :

CHARLES H. CORBISHLEY            :

        DEFENDANT                :          Indictment No.
                                           S - 0013 - 96
─────────────────────────────               96-01-00052I
                    (Third Degree)

        The Grand Jurors of the State of New Jersey, for the County

of Bergen, upon their oaths present that

          �block▬▬▬▬▬▬        and CHARLES H. CORBISHLEY

on or about 10th day of October, 1995, in the City of Hackensack,

in the County of Bergen aforesaid, and within the jurisdiction of

this Court, or in some other municipality and County within the

jurisdiction of this Court, did commit theft by knowingly

receiving movable property of ▬▬▬▬▬▬▬▬ , with a value in

excess of $500.00, knowing the same to be stolen or believing it

had probably been stolen; contrary to the provisions of

NJS 2C:20-7, and against the peace of this State, the Government

and dignity of the same.

                              CHARLES R. BUCKLEY
                              DEPUTY ATTORNEY GENERAL-IN CHARGE
                              ACTING BERGEN COUNTY PROSECUTOR

                 By:          Special Deputy Attorney General
                              Acting Assistant Prosecutor

A True Bill

State of New Jersey

v.

**DEFENDANT** (Specify Complete Name): CHARLES CORRISHLEY

New Jersey Superior Court
Law Division - Criminal

☒ JUDGMENT OF CONVICTION
☐ CHANGE OF JUDGMENT
☐ ORDER FOR COMMITMENT
☐ INDICTMENT / ACCUSATION DISMISSED
☐ JUDGMENT OF ACQUITTAL

| | SBI NUMBER 390991B |
|---|---|
| DATE OF ARREST 10/10/95 | DATE INDICTMENT / ACCUSATION FILED 1/18/96 |
| DATE OF ORIGINAL PLEA 3/18/96 | ORIGINAL PLEA ☒ NOT GUILTY ☐ GUILTY |

**ADJUDICATION BY:**

☐ GUILTY PLEA  DATE:
☐ JURY TRIAL  DATE:
☐ NON-JURY TRIAL  DATE:
☐ DISMISSED / ACQUITTED  DATE:

**ORIGINAL CHARGES**

| IND / ACC NO | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| 96-01-13-1 | | RECEIVING STOLEN PROPERTY | | 2C:20-7 |

**FINAL CHARGES**

| COUNT | DESCRIPTION | | |
|---|---|---|---|

It is, therefore, on ___11/8/96___ ORDERED and ADJUDGED that the defendant is sentenced as follows:

The Defendant is sentenced to the custody of the Commissioner of
Corrections for a period of four years to run concurrent to
Indictment No.s: S 1393-95-01, S 1661-92-01 and S 1818-93.
Defendant must pay $75.00 S.S.C.P.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| ☒ Defendant is to receive credit for time spent in custody (R. 3:21-8) | TOTAL NUMBER OF DAYS 395 days | DATE FROM / TO 10/10/95 11/8/96 |
|---|---|---|
| ☐ Defendant is to receive gap time credit for time spent in custody (N.J.S.A. 2C:44-5b(2)) | TOTAL NUMBER OF DAYS | DATE FROM / TO |

Total Custodial Term __4 years__ Institution __C.C.D.C.__ Total Probation Term _____

OVER

State of New Jersey v.   **CHARLES CORBISHLEY**   SBI #   IND / ACC #   96-01-13r1

| | |
|---|---|
| Total Fine $ | If any of the offenses occurred on or after July 9, 1997, and a for a violation of Chapter 35 or 36 of Title 2C. |
| Total RESTITUTION $ | b) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in dollar for each.) |

If the offense occurred on or after December 20, 1991, an Assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 20, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

☒ Assessment imposed on

count _____ 1 _____

is $ _____ 50.00 _____ each.

Total VCCB Assessment $ 50.00

☐ Installment payments are due at the rate of

$ _____ per _____

beginning _____ (DATE)

|  | 1st Degree | $ 3000 | 4th Degree | $ 750 |
|---|---|---|---|---|
|  | 2nd Degree | $ 2000 | Disorderly Persons or Petty | |
|  | 3rd Degree | $ 1000 | Disorderly Persons | $ 500 |

Total D.E.D.R. Penalty $ _____

☐ Court further ORDERS that payment of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED _____ Offense $ 50

Total Lab Fee $ _____

3) Name of Drugs Involved _____

4) A mandatory driver's license suspension of _____ months is ORDERED.
The suspension shall begin today _____ and end _____
Driver's License Number _____

IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING:
Defendant's Address _____
Eye Color _____ Sex _____ Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for _____ Months

If the offense occurred on or after February 1, 1993 and in addition, a separate or to a State Correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 169)

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. (P.L. 1993, c. 220)

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month _____

| NAME (Court Clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (Attorney for Defense at Sentencing) |
|---|---|---|
| DOLORES ENRIGHT | 646-3580 | NILES FEINSTEIN |

**STATEMENT OF REASONS**

See Indictments S 1393-95-01, S 1661-92-01, S1814-93-01

| JUDGE (Name) | JUDGE Signature | DATE |
|---|---|---|
| Elijah L. Miller, J.S.C. | | 11/18/96 |

AMENDED

| State of New Jersey | New Jersey Superior Court |
|---|---|
| v. | Law Division - Criminal |

**DEFENDANT** (specify Complete Name)
CHARLES CORBISHLEY

| DATE OF BIRTH 8/16/68 | SBI NUMBER 390991B |
| DATE OF ARREST 10/10/93 | DATE INDICTMENT/ACCUSATION FILED 1/18/96 |
| DATE OF ORIGINAL PLEA 3/18/96 | ORIGINAL PLEA ☒ NOT GUILTY ☐ GUILTY |

☒ JUDGMENT OF CONVICTION
☐ CHANGE OF JUDGMENT
☐ ORDER FOR COMMITMENT
☐ INDICTMENT / ACCUSATION DISMISSED
☐ JUDGMENT OF ACQUITTAL

ADJUDICATION BY:
☐ GUILTY PLEA   DATE:
☐ JURY TRIAL   DATE:
☐ NON-JURY TRIAL   DATE:
☐ DISMISSED/ACQUITTED   DATE:

**ORIGINAL CHARGES**

| IND / ACC NO | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| 96-01-13-1 2388-95 | | RECEIVING STOLEN PROPERTY | | 2C:20-7 |

**FINAL CHARGES**

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| 1. | RECEIVING STOLEN PROPERTY | | 2C:20-7 |

*Dolores Enright C.C.*

It is, therefore, on __7/1/98__ ORDERED and ADJUDGED that the defendant is sentenced as follows:

The Defendant is sentenced to the custody of the Commissioner of Corrections for a period of four years to run concurrent to Indictment No.s: S 1393-95-01, S 1661-92-01 and S - 1819-93 Defendant must pay $75.00 S.S.C.P.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| ☒ Defendant is to receive credit for time spent in custody. (R. 3:21-8) | TOTAL NUMBER OF DAYS 395 days | 10/10/95 1/18/96 |
| ☐ Defendant is to receive gap time credit for time spent in custody. (N.J.S.A. 2C:44-5b(2)). | TOTAL NUMBER OF DAYS | |

Total Custodial Term_____ Institution_____ Total Probation Term_____

State of New Jersey v. **CHARLES CORBISHLEY** ... SBI # ............... IND / ACC # 96-01-13-1

Assessment imposed on
count 1
at $ 50.00 each

Total VCCB Assessment $ 50.00

Total S.E.D.P. Penalty $ ................

Total Lab Fee $ ................

**See Indictments S 1393-95-01, S 1661-92-01, S1819-93-01**

| NAME (Court clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (attorney for Defendant at Sentencing) |
|---|---|---|
| DOLORES ENRIGHT | 646-3580 | NILES FEINSTEIN |

STATEMENT OF REASONS

| JUDGE (Name) | | DATE |
|---|---|---|
| Elijah L. Miller, J.S.C. | | 9/1/98 |

AMENDED

| State of New Jersey | New Jersey Superior Court Law Division - Criminal |
|---|---|

v.

DEFENDANT (Insert Complete Name) **CHARLES CORBISHLEY**

☑ JUDGMENT OF CONVICTION
☐ CHANGE OF JUDGMENT
☐ ORDER FOR COMMITMENT
☐ INDICTMENT / ACCUSATION DISMISSED
☐ JUDGMENT OF ACQUITTAL

| DATE OF BIRTH 8/16/68 | SBI NUMBER 390991B |
| DATE OF ARREST 10/10/95 | DATE INDICTMENT/ ACCUSATION FILED 1/18/96 |
| DATE OF ORIGINAL PLEA 3/18/96 | ORIGINAL PLEA ☑ NOT GUILTY ☐ GUILTY |

ADJUDICATION BY
☐ GUILTY PLEA    DATE          ☐ NON-JURY TRIAL    DATE
☐ JURY TRIAL    DATE           ☐ DISMISSED/ACQUITTED    DATE

**ORIGINAL CHARGES**

| IND / ACC NO | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| 96-01-13-L 2388-95 | | RECEIVING STOLEN PROPERTY | | 2C:20-7 |

**FINAL CHARGES**

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| I. | RECEIVING STOLEN PROPERTY | | 2C:20-7 |

*Dolores Enright C.C.*

It is, therefore, on **03/04/99** ORDERED and ADJUDGED that the defendant is sentenced as follows:

The Defendant is sentenced to the custody of the Commissioner of Corrections for a period of four years to run concurrent to Indictment No.s: S 1393-95-01, S 1661-92-01 and S - 1819-93 Defendant must pay $75.00 S.S.C.P.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| ☑ Defendant is to receive credit for time spent in custody (R. 3:21-8). | TOTAL NUMBER OF DAYS | DATE (From/To) |
| ☐ Defendant is to receive gap time credit for time spent in custody (N.J.S.A. 2C 44-5b(2)) | TOTAL NUMBER OF DAYS | DATE (From/To) |

Total Custodial Term _____   Institution _____   Total Probation Term _____

State of New Jersey v.   **CHARLES CORBISHLEY** _____ S.B.I. # _____ IND / ACC # **96-01-13-1**

See Indictments S 1393-95-01, S 1661-92-01, S1819-93-01

| NAME (Court Clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant or Co-Attorney) |
|---|---|---|
| **DOLORES ENRIGHT** | **646-3580** | **NILES FEINSTEIN** |

**STATEMENT OF REASONS**

| JUDGE (Name) | JUDGE Signature | DATE |
|---|---|---|
| **Elijah L. Miller, J.S.C** | | **03/04/99** |

COPIES TO: CHIEF PROBATION OFFICER   STATE POLICE   AOC CRIMINAL PRACTICE DIVISION   DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

**INMATE LOOKUP**

powered by:
evolution

| Inmate Database Search | Inmate Database Search Results | Inmate Information |

To return to the Search Results page, click on the Inmate Database Search Results tab, or to revise your search, click on the Inmate Database Search tab.

Name: CHARLES CORBISHLEY

| | |
|---|---|
| Sex: | M |
| DOB: | |
| Height: | 5' 9" |
| Weight: | 155 |
| Race: | WHITE |
| Hair Color: | BROWN |
| Hair Length: | |
| Eye Color: | BROWN |
| Complexion: | LIGHT SKINNED |

## Inmate Information

| | | | |
|---|---|---|---|
| Marital Status: | SINGLE | State ID: | |
| FBI: | | INS: | |
| Citizen: | | COB: | |

## Incarceration Information

| | | | |
|---|---|---|---|
| Current Location: | MAIN | County: | HACKENSACK |
| Current Housing Section: | | Current Housing Block: | |
| Current Housing Cell: | | Current Housing Bed: | |
| Commitment Date: | 02/03/1995 | Release Date: | 02/24/1995 00:00 |

## Alias Information

There are no aliases for this inmate.

## Detainer Information

There is no detainer information for this inmate.

## Bond Information

There is no Bond Information for this Inmate.

## Charge Information

| Case # | Offense Date | Code | Description | Grade | Degree |
|---|---|---|---|---|---|
| W122253 | | 2C:29-2A | RESISTING ARREST | D | 1 |
| W122253 | | 2C:39-5(B) | POSS AUTOMATIC HANDGUN | F | 1 |
| W122255 | | 2C:35-10A4 | POSSESSION of MARIJUANA | D | 1 |
| W122255 | | 2C:36-2 | POSS OF DRUG PARAPHERNALIA | D | 1 |
| W122255 | | 2C:36-6 | POSS/DIST HYPODERMIC NEEDLE | D | 1 |
| W877698 | | 2C:35-7 | CDS ON SCHOOL PROPERTY | F | 1 |
| W877698 | | 2C:35-5B2 | POSS CDS >1/2 OZ < 5 OZS | F | 1 |
| W877698 | | 2C:35-10A1 | POSSESSION of CDS | F | 1 |
| W877699 | | 2C:35-10A1 | POSSESSION of CDS | F | 1 |

© Copyright 2007, Digital Solutions, Inc. All Rights Reserved

Case 2:20-cv-12712   Document 1-2   Filed 09/15/20   Page 61 of 67 PageID: 82

**INMATE LOOKUP**             *powered by:*   *evolution*

| Inmate Database Search | Inmate Database Search Results | Inmate Information |

To return to the Search Results page, click on the Inmate Database Search Results tab, or to revise your search, click on the Inmate Database Search tab.

Name: CHARLES CORBISHLEY

| | | | |
|---|---|---|---|
| Sex: | M | DOB: | |
| Height: | 5' 9" | Weight: | 160 |
| Race: | WHITE | Hair Color: | BROWN |
| Hair Length: | | Eye Color: | BROWN |
| Complexion: | LIGHT SKINNED | | |

Inmate Information

| | | | |
|---|---|---|---|
| Marital Status: | SINGLE | State ID: | |
| FBI: | | INS: | |
| Citizen: | | COB: | |

Incarceration Information

| | | | |
|---|---|---|---|
| Current Location: | MAIN | County: | |
| Current Housing Section: | | Current Housing Block: | |
| Current Housing Cell: | | Current Housing Bed: | |
| Commitment Date: | 04/21/1995 | Release Date: | 04/21/1995 00:00 |

Alias Information

There are no aliases for this inmate.

Detainer Information

There is no detainer information for this inmate.

Bond Information

There is no Bond Information for this inmate.

Charge Information

| Case # | Offense Date | Code | Description | Grade | Degree |
|---|---|---|---|---|---|
| 921819002 | | 2C:45-3A | VIOLATION OF PROBATION (SUPERIOR) | F | 1 |

© Copyright 2007, Digital Solutions, Inc. All Rights Reserved

## INMATE LOOKUP

powered by: *evolution*

| Inmate Database Search | Inmate Database Search Results | Inmate Information |

To return to the Search Results page, click on the Inmate Database Search Results tab, or to revise your search, click on the Inmate Database Search tab.

Name: CHARLES CORBISHLEY

| | |
|---|---|
| Sex: | M |
| DOB: | |
| Height: | 5' 9" |
| Weight: | 155 |
| Race: | WHITE |
| Hair Color: | BROWN |
| Hair Length: | |
| Eye Color: | BROWN |
| Complexion: | LIGHT SKINNED |

### Personal Information

| | | | |
|---|---|---|---|
| Marital Status: | SINGLE | State ID: | |
| FBI: | | INS: | |
| Citizen: | | COB: | |

### Location Information

| | | | |
|---|---|---|---|
| Current Location: | MAIN | County: | HACKENSACK |
| Current Housing Section: | | Current Housing Block: | |
| Current Housing Cell: | | Current Housing Bed: | |
| Commitment Date: | 10/10/1995 | Release Date: | 01/10/1997 00:00 |

### Alias Information

There are no aliases for this inmate.

### Detainer Information

There is no detainer information for this inmate.

### Bond Information

There is no Bond Information for this inmate.

### Charge Information

| Case # | Offense Date | Code | Description | Grade | Degree |
|---|---|---|---|---|---|
| 921666001 | | 2C:45-3A | VIOLATION OF PROBATION (SUPERIOR) | F | 2 |
| 9218180020 | | 2C:45-3A | VIOLATION OF PROBATION (SUPERIOR) | F | |
| 951393001 | | 2C:29-2A | RESISTING ARREST | D | 3 |
| 951393001 | | 2C:39-4E | POSSESS IMITATION FIREARM | F | 3 |
| 951393001 | | 2C:35-10A1 | POSSESSION of CDS | F | 3 |
| 951393001 | | 2C:35-7 | CDS ON SCHOOL PROPERTY | F | 3 |
| 951393001 | | 2C:21-6(C)5 | CREDIT CARD- DEFRAUD ISSUER | F | 3 |
| 951393001 | | IND | INDICTMENT SUPERIOR COURT | F | 3 |
| 951393001 | | 2C:35-3 | LEADER NARCOTICS NETWORK | F | 1 |
| 960013002 | | IND | INDICTMENT SUPERIOR COURT | F | 1 |
| W161123 | | 2C:20-3A | THEFT OF MOVABLE PROPERTY | F | 1 |
| W162599 | | 2C:5-5 | BURGLAR's TOOLS | F | 1 |
| W183701 | | 2C:28-4 | FALSE REPORTS TO LAW ENFORCE. | F | 1 |

© Copyright 2007, Digital Solutions, Inc. All Rights Reserved

INMATE LOOKUP

powered by
*evolution*

| Inmate Database Search | Inmate Database Search Results | Inmate Information |

To return to the Search Results page, click on the Inmate Database Search Results tab, or to revise your search, click on the Inmate Database Search tab.

**Name:** CHARLES CORBISHLEY

| | |
|---|---|
| **Sex:** | M |
| **DOB:** | |
| **Height:** | 5' 9" |
| **Weight:** | 155 |
| **Race:** | WHITE |
| **Hair Color:** | BROWN |
| **Hair Length:** | |
| **Eye Color:** | BROWN |
| **Complexion:** | LIGHT SKINNED |

**Inmate Information**

| | | | |
|---|---|---|---|
| **Marital Status:** | SINGLE | **State ID:** | |
| **FBI:** | | **INS:** | |
| **Citizen:** | | **COB:** | |

**Incarceration Information**

| | | | |
|---|---|---|---|
| **Current Location:** | MAIN | **County:** | |
| **Current Housing Section:** | | **Current Housing Block:** | |
| **Current Housing Cell:** | | **Current Housing Bed:** | |
| **Commitment Date:** | 10/14/1997 | **Release Date:** | 10/15/1997 00:00 |

**Alias Information**

There are no aliases for this Inmate.

**Detainer Information**

There is no detainer information for this inmate.

**Bond Information**

There is no Bond Information for this Inmate.

**Charge Information**

| Case # | Offense Date | Code | Description | Grade | Degree |
|---|---|---|---|---|---|
| 960013002 | | IND | INDICTMENT SUPERIOR COURT | F | 1 |

© Copyright 2007, Digital Solutions, Inc. All Rights Reserved

**INMATE LOOKUP**

powered by:
*evolution*

Inmate Database Search     Inmate Database Search Results     Inmate Information

To return to the Search Results page, click on the Inmate Database Search Results tab, or to revise your search, click on the Inmate Database Search tab.

Name: CHARLES CORBISHLEY

| | |
|---|---|
| Sex: | M |
| DOB: | ▓▓▓▓▓ |
| Height: | 5' 9" |
| Weight: | 155 |
| Race: | WHITE |
| Hair Color: | BROWN |
| Hair Length: | |
| Eye Color: | BROWN |
| Complexion: | LIGHT SKINNED |

**Inmate Information**

| | | | |
|---|---|---|---|
| Marital Status: | SINGLE | State ID: | |
| FBI: | | INS: | |
| Citizen: | | COB: | |

**Incarceration Information**

| | | | |
|---|---|---|---|
| Current Location: | MAIN | County: | |
| Current Housing Section: | | Current Housing Block: | |
| Current Housing Cell: | | Current Housing Bed: | |
| Commitment Date: | 06/12/1998 | Release Date: | 06/17/1998 00:00 |

**Alias Information**

There are no aliases for this inmate.

**Detainer Information**

There is no detainer information for this inmate.

**Bond Information**

There is no Bond Information for this Inmate.

**Charge Information**

| Case # | Offense Date | Code | Description | Grade | Degree |
|---|---|---|---|---|---|
| 921661001 | | IND | INDICTMENT SUPERIOR COURT | F | |
| 951393001 | | IND | INDICTMENT SUPERIOR COURT | F | |

© Copyright 2007, Digital Solutions, Inc. All Rights Reserved



**INMATE LOOKUP**

Inmate Database Search     Inmate Database Search Results     Inmate Information

To return to the Search Results page, click on the Inmate Database Search Results tab, or to revise your search, click on the Inmate Database Search tab.

Name: CHARLES CORBISHLEY

| | |
|---|---|
| Sex: | M |
| DOB: | |
| Height: | 5' 9" |
| Weight: | 155 |
| Race: | WHITE |
| Hair Color: | BROWN |
| Hair Length: | |
| Eye Color: | BROWN |
| Complexion: | LIGHT SKINNED |

**Personal Information**

| | | | |
|---|---|---|---|
| Marital Status: | SINGLE | State ID: | |
| FBI: | | INS: | |
| Citizen: | | COB: | |

**Incarceration Information**

| | | | |
|---|---|---|---|
| Current Location: | MAIN | County: | |
| Current Housing Section: | | Current Housing Block: | |
| | | Current Housing Bed: | |
| Current Housing Cell: | | | |
| Commitment Date: | 06/30/1998 | Release Date: | 07/02/1998 00:00 |

**Alias Information**

There are no aliases for this inmate.

**Detainer Information**

There is no detainer information for this inmate.

**Bond Information**

There is no Bond Information for this Inmate.

**Charge Information**

| Case # | Offense Date | Code | Description | Grade | Degree |
|---|---|---|---|---|---|
| 951393001 | | IND | INDICTMENT SUPERIOR COURT | F | 1 |

© Copyright 2007, Digital Solutions, Inc. All Rights Reserved



**INMATE LOOKUP** powered by: *evolution*

| Inmate Database Search | Inmate Database Search Results | Inmate Information |
|---|---|---|

To return to the Search Results page, click on the Inmate Database Search Results tab, or to revise your search, click on the Inmate Database Search tab.

Name: CHARLES CORBISHLEY

| | | | |
|---|---|---|---|
| Sex: | M | | |
| DOB: | | | |
| Height: | 5' 9" | | |
| Weight: | 155 | | |
| Race: | WHITE | | |
| Hair Color: | BROWN | | |
| Hair Length: | | | |
| Eye Color: | BROWN | | |
| Complexion: | LIGHT SKINNED | | |

**Inmate Information**

| | | | |
|---|---|---|---|
| **Marital Status:** | SINGLE | **State ID:** | |
| **FBI:** | | **INS:** | |
| **Citizen:** | | **COB:** | |

**Incarceration Information**

| | | | |
|---|---|---|---|
| **Current Location:** | MAIN | **County:** | |
| **Current Housing Section:** | | **Current Housing Block:** | |
| **Current Housing Cell:** | | **Current Housing Bed:** | |
| **Commitment Date:** | 03/22/1999 | **Release Date:** | 03/23/1999 00:00 |

Alias Information

DAVE TELLIA
CHARLES JR CORBISHLEY

Detainer Information

There is no detainer information for this inmate.

Bond Information

There is no Bond Information for this inmate.

Charge Information

| Case # | Offense Date | Code | Description | Grade | Degree |
|---|---|---|---|---|---|
| 951393001 | | IND | INDICTMENT SUPERIOR COURT | F | |
| 960013002 | | IND | INDICTMENT SUPERIOR COURT | F | 1 |

© Copyright 2007, Digital Solutions, Inc. All Rights Reserved

**INMATE LOOKUP**

powered by: *evolution*

| Inmate Database Search | Inmate Database Search Results | Inmate Information |

To return to the Search Results page, click on the Inmate Database Search Results tab, or to revise your search, click on the Inmate Database Search tab.

**Name: CHARLES CORBISHLEY**

| | | | |
|---|---|---|---|
| Sex: | M | | |
| DOB: | | | |
| Height: | 5' 9" | | |
| Weight: | 155 | | |
| Race: | WHITE | | |
| Hair Color: | BROWN | | |
| Hair Length: | | | |
| Eye Color: | BROWN | | |
| Complexion: | LIGHT SKINNED | | |

**Inmate Information**

| | | | |
|---|---|---|---|
| Marital Status: | SINGLE | State ID: | |
| FBI: | | INS: | |
| Citizen: | United States of America | COB: | United States of America |

**Incarceration Information**

| | | | |
|---|---|---|---|
| Current Location: | MAIN | County: | |
| Current Housing Section: | | Current Housing Block: | |
| | | Current Housing Bed: | |
| Current Housing Cell: | | | |
| Commitment Date: | 12/07/1999 | Release Date: | 04/07/2000 21:00 |

**Alias Information**

There are no aliases for this inmate.

**Detainer Information**

There is no detainer information for this Inmate.

**Bail Information**

| | | | | | |
|---|---|---|---|---|---|
| Case #: 921661001 | Amount: $250,000.01 | Status: Dismissed | Posted By: | Post Date: | 01/04/2000 |

**Charge Information**

| Case # | Offense Date | Code | Description | Grade | Degree |
|---|---|---|---|---|---|
| 921661001 | | 2C:45-3A | VIOLATION OF PROBATION (SUPERIOR) | F | 1 |
| 921661001 | | 2C:20-7.1A | POSSESSION ALTERED PROPERTY | F | 1 |
| 921819002 | | 2C:18-2A | BURGLARY | F | 1 |
| 921819002 | | 2C:45-3A | VIOLATION OF PROBATION (SUPERIOR) | F | 1 |

© Copyright 2007, Digital Solutions, Inc. All Rights Reserved