UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X   Dkt. No.:
CHARLES CORBISHLEY,                                                                20 Civ. 07445 (VSB)

                                    Plaintiff,

    -against-

ANDREW NAPOLITANO,

                                   Defendant.
-------------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3) AND 28 U.S.C. § 1406**

                                                                                        Jon L. Norinsberg, Esq.
                                                                                        Joseph & Norinsberg, LLC
                                                                                        110 East 59th Street, Suite 3200
                                                                                        New York, New York 10022
                                                                                        Telephone No.: (212) 557-5700
                                                                                        www.employeejustice.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

STANDARD OF REVIEW ......................................................................................................... 3

ARGUMENT ................................................................................................................................ 4

I.    THE SOUTHERN DISTRICT OF NEW YORK IS THE PROPER VENUE FOR THIS ACTION, SINCE DEFENDANT "RESIDES" IN NEW YORK WITHIN THE MEANING OF 28 U.S.C. § 1391(B) ......................................................... 4

     A.    Napolitano Lives and Works in Manhattan ......................................................... 4

II.    DEFENDANT ERRONEOUSLY CONFLATES "DOMICILE" FOR PURPOSES OF DIVERSITY WITH "RESIDENCE" FOR PURPOSES OF VENUE ......................................................................................................................... 6

     A.    The Two Terms Have Separate and Distinct Legal Meanings .......................... 6

     B.    None of the "Domicile" Cases Cited by Defendant Arise Under the Venue Statute ......................................................................................................... 8

     C.    Defendant Would Suffer No "Inconvenience" by Litigating in this Forum .................................................................................................................... 9

III.   DEFENDANT HAS VIOLATED THE "FIRST FILED" RULE BY FILING A SECOND, DUPLICATIVE ACTION IN NEW JERSEY ...................................... 10

     A.    Where There are Two Competing Lawsuits, the First Filed Lawsuit Should be Given Priority .................................................................................... 10

CONCLUSION ........................................................................................................................... 12

# TABLE OF AUTHORITIES

**Pages**

Bailey v. United States, 516 U.S. 137 (1995)................................................................................ 7

Bryant v. Potbelly Sandwich Works, LLC,
No. 17 Civ. 7638 (CM), 2018 U.S. Dist. LEXIS 20726 (S.D.N.Y. Feb. 5, 2018) ................. 2, 3, 6

City of N.Y. v. Beretta U.S.A. Corp., 524 F.3d 384 (2d Cir. 2008)................................................ 7

Cold Spring Harbor Lab. v. Ropes & Gray LLP, 762 F. Supp. 2d 543 (E.D.N.Y. 2011) .......... 8, 9

D.H. Blair & Co. v. Gottdiener, 462 F.3d 95 (2d Cir. 2006)....................................................... 10

De Ratafia v. Cty. of Columbia,
No. 12 Civ. 5457 (LAP)(DCF), 2013 U.S. Dist. LEXIS 22469 (S.D.N.Y. Feb. 7, 2013) ............. 6

Delaware, L. & W.R. Co. v. Petrowsky, 250 F. 554 (2d Cir. 1918)............................................... 7

E.I. Du Pont De Nemours & Co. v. Byrnes, 101 F.2d 14 (2d Cir. 1939) ...................................... 7

Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513 (2d Cir. 1989)........ 3

First City Nat'l Bank & Tr. Co. v. Simmons, 878 F.2d 76 (2d Cir. 1989)................................... 11

Frederick Goldman, Inc. v. Commemorative Brands, Inc.,
No. 04 Civ. 1100 (LTS)(THK), 2004 U.S. Dist. LEXIS 7737 (S.D.N.Y. May 5, 2004) ............... 9

Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947)............................................................................. 3

Iragorri v. United Techs. Corp., 274 F.3d 65, 70-71 (2d Cir. 2001).............................................. 3

Jeffcott v. Donovan, 135 F.2d 213 (9th Cir. 1943)........................................................................ 7

Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180 (1952) ....................................... 11

Star Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.,
No. 07 Civ. 3208 (KAM)(SMG), 2009 U.S. Dist. LEXIS 81170 (E.D.N.Y. Sep. 8, 2009)......... 11

Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30 (1989) ....................................... 7

N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102 (2d Cir. 2010) ............ 2, 3, 6

Palazzo v. Corio, 232 F.3d 38 (2d Cir. 2000)................................................................................ 9

Peregrine Myanmar v. Segal, 89 F.3d 41 (2d Cir. 1996)........................................................... 3, 4

```
```

Reich v. Lopez, 858 F.3d 55 (2d Cir. 2017) .................................................................................. 9

Robinson v. Shell Oil Co., 519 U.S. 337 (1997) ........................................................................... 7

Rocket Jewelry Box v. Noble Gift Packaging, 869 F. Supp. 152 (S.D.N.Y. 1994) .................. 9, 10

Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co., 224 F.3d 139 (2d Cir. 2000) ....... 9

Winter v. Am. Inst. of Med. Scis. & Educ., 242 F. Supp. 3d 206 (S.D.N.Y. 2017) ........................ 3

Yerdon v. Henry, 91 F.3d 370 (2d Cir. 1996) ................................................................................ 8

Plaintiff Charles Corbishley ("Plaintiff" or "Mr. Corbishley") respectfully submits this Memorandum of Law in opposition to the motion filed by Defendant Andrew Napolitano ("Defendant" or "Napolitano") to change venue to the District of New Jersey.

## PRELIMINARY STATEMENT

Defendant's motion is based on a false and misleading factual record. Napolitano does not simply "own" an apartment in New York. He *lives* in Manhattan at 1 Central Park West, New York, New York. Napolitano works as a Senior Judicial Analyst for Fox News, which is located at 1211 Avenue of Americas, within walking distance of his apartment. Napolitano makes broadcasts at the Fox Studio in Manhattan "Monday through Friday," according to his website. Napolitano is also a visiting law professor at Brooklyn School, and in fact, has his own Brooklyn Law School email address, andrew.napolitano@brooklaw.edu.

Apart from publicly available records, Defendant's residence in Manhattan has been confirmed by two employees at his building. Each of these witnesses has confirmed that Napolitano does, in fact, live at 1 Central Park West. Further, "Keith," the onsite manager of the building, "confirmed that Napolitano lives here and that he *sometimes* goes *for the weekend* to a farm in New Jersey." Still another witness, James Kruzelnick, who has known Napolitano for years, has submitted an affidavit confirming that Napolitano lives and works in Manhattan. In short, Napolitano's insistence that he is a full-time "resident of New Jersey" is patently false.

Apart from the misleading factual record, Defendant's legal analysis is fundamentally flawed. The Supreme Court has made it clear that a Plaintiff's choice of forum must be given substantial deference, and should rarely be disturbed absent exceptional circumstances. No such circumstances exist here. Moreover, under the law of this Circuit, the party seeking a change of venue must show by "*clear and convincing evidence*" that Plaintiff's choice of forum is wrong.

1

N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 113-14 (2d Cir. 2010). Defendant wholly ignores this "heavy burden." Bryant v. Potbelly Sandwich Works, LLC, No. 17 Civ. 7638 (CM), 2018 U.S. Dist. LEXIS 20726, at *4 (S.D.N.Y. Feb. 5, 2018).

Defendant's legal analysis is further flawed because it erroneously conflates "domicile," for purposes of diversity jurisdiction, with "residency" for purposes of venue. The terms are not interchangeable. The diversity statute expressly uses the term "citizen" when defining the basis for diversity jurisdiction. By contrast, the venue statute merely requires that the Defendant *reside* in the chosen forum. Defendant's claim that the terms are interchangeable is simply wrong, and must be rejected.

Defendant's motion to change venue also fails because Napolitano has made no showing of prejudice. The purpose of the venue statute to protect a defendant from the inconvenience of having to defend himself in a forum that is either remote from his residence or from the place where the acts underlying the controversy occurred. Neither of these concerns is present here. Napolitano lives and works in Manhattan, as does his law firm Cole Schotz PC. The events took place in northern New Jersey, in Bergen County, which is in close proximity to New York City. Thus, Defendant has no possible claim of prejudice based on venue.

Lastly, Defendant has violated the first-filed rule by starting a second, duplicative action in the District of New Jersey. Under Fed. R. Civ. P. 13(a)(1), Napolitano's defamation claim against Mr. Corbishley should have been filed as a compulsory counterclaim in this action, since the claim arises from the exact same facts and circumstances. See Fed. R. Civ. P. 13(a) (1). Defendant's filing of a second, duplicative action in New Jersey was thus completely improper.

In sum, Napolitano's motion for a change of venue is based on a false factual record, an erroneous legal analysis and a deliberate violation of Rule 13(a)(1), and must therefore be denied.

## STANDARD OF REVIEW

"As an initial matter, the party requesting a transfer of venue bears the heavy burden of proving by *clear and convincing evidence* that transfer is warranted." Bryant v. Potbelly Sandwich Works, LLC, No. 17 Civ. 7638 (CM), 2018 U.S. Dist. LEXIS 20726, at *4 (S.D.N.Y. Feb. 5, 2018) (citation omitted) (emphasis supplied). The party requesting transfer must thus make out "a strong case for transfer." Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 521 (2d Cir. 1989). If the moving party fails to present "clear and convincing evidence," the motion to transfer venue must be denied. N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 113-14 (2d Cir. 2010) ("Although we have never explicitly approved a district court's use of the "clear and convincing evidence" standard in ruling on a motion to transfer venue, the propriety of that standard to transfer-motions is evident.") (collecting cases).[1]

In deciding a motion to transfer, "the court starts with a presumption in favor of the plaintiff's choice of forum, especially if the defendant resides in the chosen forum, as here." Peregrine Myanmar v. Segal, 89 F.3d 41, 46 (2d Cir. 1996). "Plaintiffs' choice of forum is given great weight in the Court's analysis, and should not be disturbed unless the factors clearly tip in favor of transfer." Bryant, 2018 U.S. Dist. LEXIS 20726, at *8, citing Winter v. Am. Inst. of Med. Scis. & Educ., 242 F. Supp. 3d 206, 216 (S.D.N.Y. 2017). Thus, "[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Iragorri v. United Techs. Corp., 274 F.3d 65, 70-71 (2d Cir. 2001) (en banc), citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 91 L. Ed. 1055, 67 S. Ct. 839 (1947).

---

[1] Defendant fails to acknowledge, much less address, the "clear and convincing evidence" standard anywhere in its brief.

**ARGUMENT**

I. **THE SOUTHERN DISTRICT OF NEW YORK IS THE PROPER VENUE FOR THIS ACTION, SINCE DEFENDANT "RESIDES" IN NEW YORK WITHIN THE MEANING OF 28 U.S.C. § 1391(B).**

   A. **Napolitano Lives and Works in Manhattan.**

In deciding a motion to change venue, "the court starts with a presumption in favor of the plaintiff's choice of forum, especially if the defendant *resides in the chosen forum*, as here." Peregrine Myanmar v. Segal, 89 F.3d 41, 46 (2d Cir. 1996) (emphasis supplied). Here, Napolitano does not simply "own" an apartment in New York. (Def. Mem. at 5). Rather, he *resides* at Manhattan at 1 Central Park West, New York, New York. Napolitano works as a Senior Judicial Analyst for Fox News, which is located at 1211 Avenue of Americas, within walking distance of his Manhattan apartment. Napolitano makes broadcasts on the Fox News Channel "Monday through Friday," according to his website.[2] Napolitano also is a visiting law professor at Brooklyn School, and in fact, has a Brooklyn Law School email address: andrew.napolitano@brooklaw.edu.[3] Based on these facts, there can be little doubt that Napolitano does, in fact, "reside[] in the chosen forum." Peregrine Myanmar, 89 F.3d at 46.

Apart from publicly available records, Defendant's residence in Manhattan has been confirmed by several witnesses. The first witness is Plaintiff's investigator, Jeremy Stevens, Esq., president of Meridian Investigations. On August 5, 2020, Mr. Stevens sent an email to Plaintiff's counsel confirming that Napolitano does, in fact, live in Manhattan. (Norinsberg Decl., Ex. C)

---

[2] http://www.judgenap.com/bio, last viewed on September 20, 2020, annexed to the Declaration of Jon L. Norinsberg ("Norinsberg Decl."), Ex. A.

[3] https://www.brooklaw.educ/contact-us.Napolitano%20 Andrew, last viewed on September 20, 2020. (Norinsberg Decl., Ex. B).

4

("*Confirmed. He lives in Manhattan*, 1 Central Park W # 40 C, New York, NY 10023."). In this same email, Mr. Stevens stated the building's concierge had "confirmed that Andrew Napolitano does indeed reside here/lives here." (Id.). Likewise, the onsite manager, "Keith," also "confirmed that Napolitano lives here and that he sometimes goes *for the weekend* to a farm in New Jersey." (Id.). The investigator who obtained this information, Vincent Vanasco, has submitted an affidavit attesting to these same facts based on his own, first-hand interviews of these two employees. (Norinsberg Decl., Vanasco Affidavit, Ex. D)

Another witness, James Kruzelnick, has likewise confirmed that Napolitano lives full-time in Manhattan. Mr. Kruzelnick contacted Plaintiff's counsel after reading about Mr. Corbishley's lawsuit in the news. Mr. Kruzelnick informed our firm that, too, had been sexually assaulted by Napolitano.[4] Mr. Kruzelnick first met Napolitano while working as a waiter in the Mohawk House restaurant in New Jersey, and knew him for a period of several years. (Norinsberg Decl., Kruzelnick Declaration, Ex. E). Napolitano told Mr. Kruzelnick that he lives and works in Manhattan (5) five days a week, Monday through Friday, and that he goes to his New Jersey home only on the weekends. (Id.). He further told Mr. Kruzelnick that he sometimes worked 15 to 16 hours per day at Fox during the week. (Id.). Mr. Kruzelnnick never saw Napolitano in New Jersey during the week. It was only on weekends. (Id.)

Based on all of the above information -- including i) Mr. Stevens' August, 5, 2020 email; ii) Mr. Vanasco's affidavit; iii) Mr. Kruzelnick's Declaration; and iv) defendant Napolitano's own statement that he broadcasts from the Fox Studio in Manhattan "Monday through Friday" (Ex. A) -- Defendant's claim that he does not live in New York is patently false. At a minimum, Defendant has failed to meet his "heavy burden" burden of showing that a transfer is warranted. See Bryant

---

[4] Mr. Kruzelnick intends to file his own lawsuit against Napolitano in the near future. (Ex. E).

5

v. Potbelly Sandwich Works, LLC, No. 17 Civ. 7638 (CM), 2018 U.S. Dist. LEXIS 20726, at *4 (S.D.N.Y. Feb. 5, 2018) ("[T]he party requesting a transfer of venue bears the heavy burden of proving by clear and convincing evidence that transfer is warranted"), citing New York Marine and Gen. Ins. Co. v. Lafarge N Am., Inc., 599 F.3d 102, 113-14 (2d Cir. 2010).

## II. DEFENDANT ERRONEOUSLY CONFLATES "DOMICILE" FOR PURPOSES OF DIVERSITY WITH "RESIDENCE" FOR PURPOSES OF VENUE.

### A. The Two Terms Have Separate and Distinct Legal Meanings.

Defendant's entire motion is based on an erroneous premise, namely: that "domicile" means the same thing for diversity jurisdiction as it does for venue. It does not. The diversity statute expressly uses the term "citizen" when defining the basis for diversity jurisdiction. See 28 U.S.C. § 1332 (conferring original jurisdiction for suits between "*citizens* of different states.") (emphasis supplied). By contrast, the venue statute merely requires that the Defendant *reside* in the chosen forum. See 28 U.S.C. § 1391(b) (venue is proper in "a judicial district in which any defendant *resides*, if all defendants are *residents* of the State in which the district is located.") (Id.) (emphasis supplied).

Courts have repeatedly interpreted the term "resident" to mean exactly what it suggests, namely: a person who *lives* in the subject forum. See, e.g., De Ratafia v. Cty. of Columbia, 2013 U.S. Dist. LEXIS 22469, at *8 (S.D.N.Y. Feb. 7, 2013) ("Given that a person is presumed to be an inhabitant of the locality where he lives, the Court finds that Plaintiffs have adequately plead that Meleck *resides* in New York County for the purpose of making venue proper pursuant to 28 U.S.C. § 1391(b)(1))") (emphasis supplied); E.I. Du Pont De Nemours & Co. v. Byrnes, 101 F.2d 14, 14 (2d Cir. 1939) ("A person is presumed to be an inhabitant of the locality *where he lives* and his contention to the contrary places the burden on him to show otherwise. More weight is attached to the defendant's acts than to his declaration.") (emphasis supplied).

6

Here, since Napolitano lives and works in Manhattan five days a week, he is clearly a "resident" of Manhattan within the meaning of 28 U.S.C. § 1391(b).  As such, he can properly be sued in the Southern District of New York. See Byrnes, 101 F.2d at 15 ("Appellee was an inhabitant of the Southern District of New York: he could properly be sued there."). It is thus irrelevant whether or not Napolitano is "domiciled in New Jersey" (Def. Mem. at 5), since domicile and residence are two distinct legal concepts. See Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608, 104 L. Ed. 2d 29 (1989) ("But domicile and residence are not necessarily synonymous, and one can reside in one place but be domiciled in another."); Jeffcott v. Donovan, 135 F.2d 213, 214 (9th Cir. 1943) ("Citizen and resident [] are not synonymous, and in some cases the distinction is important."); Delaware, L. & W.R. Co. v. Petrowsky, 250 F. 554, 560 (2d Cir. 1918) ("'residence' and 'domicile' are two perfectly distinct things.").

Defendant's strained interpretation of the term "domicile" must also be rejected because it violates basic cannons of statutory construction.  The term "domicile" should be interpreted by looking at the surrounding language and purpose of the venue statute as a whole, and not just the word "domicile" itself. See  City of N.Y. v. Beretta U.S.A. Corp., 524 F.3d 384, 400 (2d Cir. 2008) ("The meaning of the term "applicable" must be determined here by reading that term in the context of the surrounding language and of the statute as a whole.").  See also Robinson v. Shell Oil Co., 519 U.S. 337, 341, 117 S. Ct. 843, 136 L. Ed. 2d 808 (1997) ("The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole."); Bailey v. United States, 516 U.S. 137, 145, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995) ("We consider not only the bare meaning of the word but also its placement and purpose in the statutory scheme.").

Here, the purpose of the venue statute to "protect a defendant from the inconvenience of having to defend an action in a trial court that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred." Cold Spring Harbor Lab. v. Ropes & Gray LLP, 762 F. Supp. 2d 543, 557 (E.D.N.Y. 2011) (internal citation and brackets omitted). In light of this purpose, the term "domicile" in § 1391(b) must be understood to mean that Defendant's "residence" is a fixed or permanent home, as opposed to a temporary or fleeting presence in the forum. But it certainly does not mean that a defendant must *also* be a "citizen" of the forum venue.

Taken to its logical conclusion, Defendant's interpretation of "domicile" would mean that long-term residents in New York could *never* be sued where they lived and worked, so long as they were still "citizens" of other states. For example, if a California resident moved to New York for a new job, and was 18 (eighteen) months into a two year lease on a Manhattan apartment, which he intended to renew -- but he had not yet changed his driver's license or voter's registration -- he would not be considered a New York "resident" under Defendant's analysis. Such a strained interpretation of the venue statute is inconsistent with its purpose, and must be rejected. See Yerdon v. Henry, 91 F.3d 370, 376 (2d Cir. 1996) ("Where an examination of the statute as a whole demonstrates that a party's interpretation would lead to absurd or futile results plainly at variance with the policy of the legislation as a whole, that interpretation should be rejected.") (internal quotation marks, citation and ellipses omitted). Since Napolitano lives and works in Manhattan, the Southern District of New York is clearly a proper forum for this case to be tried.

**B.     None of the "Domicile" Cases Cited by Defendant Arise Under the Venue Statute.**

The cases relied upon Defendant are wholly inapposite. In fact, not *one* of Defendant's cases defines "domicile" in the context of 28 U.S.C. §1391(b). For example, in Palazzo v. Corio,

232 F.3d 38 (2d Cir. 2000), the Court interprets "domicile" for the purposes of establishing diversity, not venue. Id. at 42 ("An individual's citizenship, *within the meaning of the diversity statute*, is determined by his domicile.") (emphasis supplied). Likewise, in Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co., 224 F.3d 139 (2d Cir. 2000), the Court's analysis is confined to diversity, not venue. Id. at 140 ("At no time, however, have appellants made allegations or offered evidence sufficient to support diversity jurisdiction."). Similarly, in Reich v. Lopez, 858 F.3d 55 (2d Cir. 2017), the Court's focus was solely on personal jurisdiction, not venue. Id. at 63 ("We conclude that the exercise of jurisdiction over the defendants would be improper because it would violate due process."). Thus, while Napolitano insists that his interpretation of the venue statute is "black letter law" (Def. Mem. at 4), in fact, *none* of the cases he relies upon actually supports his position.

### C. Defendant Would Suffer No "Inconvenience" by Litigating in this Forum.

As noted above, the purpose of the venue statute to "protect a defendant from the inconvenience" of having to defend an action in a forum that is "either remote from the defendant's residence or from the place where the acts underlying the controversy occurred." Cold Spring Harbor Lab., 762 F. Supp. 2d at 557 (internal citation and brackets omitted). "By limiting a plaintiff's choice of forum beyond those courts which have personal and subject matter jurisdiction, venue statutes protect defendants from litigating in an unfair or inconvenient location." Rocket Jewelry Box v. Noble Gift Packaging, 869 F. Supp. 152, 154 (S.D.N.Y. 1994) (citing Wright, Miller, & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3801).

Here, Defendant concedes that the Court has personal jurisdiction over him by failing to contest this issue. See Frederick Goldman, Inc. v. Commemorative Brands, Inc., 2004 U.S. Dist. LEXIS 7737, at *2 (S.D.N.Y. May 5, 2004) ("Defendant has not contested personal jurisdiction,

9

and  by not raising it in his Rule 12(b)motion, has, pursuant to Rule 12(h)(1)(A) of the Federal Rules of Civil Procedure, waived any lack of personal jurisdiction defense."). Defendant also has not made any challenge to the Court's subject matter jurisdiction. Based on these facts, it is clear that the Southern District of New York is not an "unfair" or "inconvenient location" for Defendant. Rocket Jewelry Box, 869 F. Supp. at 154.

To the contrary, this venue provides a highly convenient forum for Defendant to contest this matter. Defendant Napolitano lives in Manhattan. He works at the Fox News Studio in Manhattan, "Monday through Friday" (Ex. A), as a Senior Judicial Analyst for Fox News. His law firm, Cole Schotz PC, is also located in Manhattan. According to Google maps, Napolitano's residence, place of work and attorneys' offices are all within walking distance of one another. (Ex. F). Thus, Defendant has no possible claim of prejudice based on venue in this district.[5] Accordingly, Defendant's motion to change venue must be denied.

### III. DEFENDANT HAS VIOLATED THE "FIRST FILED" RULE BY FILING A SECOND, DUPLICATIVE ACTION IN NEW JERSEY.

#### A. Where There are Two Competing Lawsuits, the First Filed Lawsuit Should be Given Priority.

The first-filed rule states that, in determining the proper venue, "[w]here there are two competing lawsuits, the first suit should have priority." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).  "The first to file rule embodies considerations of judicial administration and conservation of resources." First City Nat'l Bank & Tr. Co. v. Simmons, 878 F.2d 76, 80 (2d

---

[5] Moreover, the fact that Plaintiff originally contemplated suing Napolitano in New Jersey is palpably irrelevant. At the time when the original complaint was drafted (December 2019), counsel had *no knowledge* about Napolitano's residency in New York. In fact, it was not until Mr. Stevens' email on August 5, 2020 that counsel learned that Napolitano was, in fact, a full-time Manhattan resident. (Ex. C) ("Confirmed. He lives in Manhattan"). Once this confirmation was received, it became clear that Napolitano could, in fact, be sued in the Southern District of New York, instead of New Jersey.

Cir. 1989), citing Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183, 96 L. Ed. 200, 72 S. Ct. 219 (1952).

Here, Defendant has flagrantly violated the first-filed rule by starting a second, duplicative action in the District of New Jersey. At the time the second action was filed, Defendant was well aware of the pending matter before this Court. However, rather than waiting for this Court to decide the pending motion, Defendant started a second action that involves the *exact same facts and circumstances* as this case.[6] The filing of a second, duplicative action in New Jersey was completely improper and warrants sanctions. See Star Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., No. 07-CV-3208 (KAM)(SMG), 2009 U.S. Dist. LEXIS 81170, at *37 (E.D.N.Y. Sep. 8, 2009) (awarding sanctions under Rule 11 for filing a frivolous second action: "There was nothing preventing litigation of these claims in the First Action, other than Star Mark's conscious choice to abandon litigation of these claims in that action in favor of filing a new action."). It is clear that Defendant filed this second action in bad faith and for the sole purpose of attempting to tarnish Plaintiff by making outlandish claims of "extortion" in a public forum.[7] Such fast-and-loose legal practice should not be countenanced by this Court.

---

[6] Under Fed. R. Civ. P. 13(a)(1), Napolitano's defamation claim against Mr. Corbishley should have been filed as a compulsory counterclaim in this action. See Fed. R. Civ. P. 13(a) (1) ("A pleading *must* state as a counterclaim any claim that … the pleader has against an opposing party if the claim …. arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.") (emphasis supplied).

[7] Defendant's histrionic claims of "extortion" are complete and utter fabrications. At an appropriate time, Plaintiff will file a motion with the Court to unseal confidential communications between the parties that took place over the summer -- *in the presence of a former federal judge* -- which utterly eviscerate Defendant's specious "extortion" claims. For now, suffice it to say that such claims are wildly inaccurate and a gross distortion of the truth.

## CONCLUSION

Napolitano lives and works in Manhattan, as multiple witnesses have confirmed. Thus, the Southern District of New York is clearly a proper venue for this matter. Accordingly, the Court should deny Defendant's motion to transfer this case to the District of New Jersey, and grant such other and further relief as it deems just and proper.

Dated: New York, New York
       September 23, 2020

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: _____
Jon L. Norinsberg, Esq.
110 East 59th Street, Suite 3200
New York, New York 10022
Telephone No.: (212) 557-5700
www.employeejustice.com